BENJAMIN HEIKALI (CSB No. 307466)
bheikali@faruqilaw.com
FARUQI & FARUQI, LLP
10866 Wilshire Boulevard, Suite 1470
Los Angeles, CA 90024
Telephone: 424.256.2884
Facsimile: 424.256.2885

RICHARD W. GONNELLO (*pro hac vice*)
rgonnello@faruqilaw.com
KATHERINE M. LENAHAN (*pro hac vice*)
klenahan@faruqilaw.com
SHERIEF MORSY (*pro hac vice*)
smorsy@faruqilaw.com
FARUQI & FARUQI, LLP
685 Third Avenue, 26th Floor
New York, NY 10017
Telephone: 212.983.9330
Facsimile: 212.983.9331

Lead Counsel for Lead Plaintiff Troy Larkin

[Additional counsel on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| TROY LARKIN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>GOPRO, INC., NICHOLAS D. WOODMAN, BRIAN MCGEE and ANTHONY BATES,<br><br>Defendants. | Case No.: 4:16-cv-06654-CW<br><br><u>CLASS ACTION</u><br><br>**STIPULATION OF SETTLEMENT**<br><br>Date Action Filed: November 16, 2016 |

This Stipulation of Settlement, dated as of February 14, 2019 (the "Stipulation") is made and entered into by and among: (i) Lead Plaintiff Troy Larkin, on behalf of himself and each of the Class Members (as defined herein), by and through his counsel of record in the Litigation (as defined herein); and (ii) defendants Nicholas Woodman, Brian McGee and Anthony Bates (together, "Individual Defendants") and GoPro, Inc. ("GoPro" or the "Company") (all collectively, "Defendants"), by and through their counsel of record in the Litigation. The Stipulation is intended to fully, finally, and forever resolve, discharge, and settle the Released Claims (as defined herein) as against all Released Defendant Parties (as defined herein), and all Released Defendants' Claims (as defined herein) as against the Released Plaintiff Parties (as defined herein), subject to the approval of the Court and the terms and conditions set forth in this Stipulation.

## I. THE LITIGATION

This is a securities class action brought against Defendants by Lead Plaintiff individually and on behalf of all persons and entities who purchased GoPro common stock between September 19, 2016 and November 8, 2016, inclusive. The initial complaint in this action was filed on November 16, 2016, in the United States District Court for the Northern District of California (the "Court"). Dkt. No. 1. On February 6, 2017, the Court appointed Mr. Larkin as lead plaintiff, and his counsel, Faruqi & Faruqi, LLP ("Faruqi"), was appointed lead counsel. Dkt. No. 47.

On March 14, 2017, Lead Plaintiff filed the Amended Class Action Complaint ("Amended Complaint"). The Amended Complaint generally alleged that GoPro, a maker of innovative mountable and wearable cameras, drones, and accessories, made various false or misleading statements about GoPro's anticipated revenue, the HERO5 camera and the Karma drone in violation of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"). Dkt. No. 51. Following briefing on Defendants' motion to dismiss and oral argument, the Court, on July 26, 2017, denied the motion to dismiss the Amended Complaint for the reasons stated on the record. Dkt. No. 74.

On August 4, 2017, plaintiff filed the Second Amended Class Action Complaint ("Second Amended Complaint"), adding Mr. Bates as a defendant. Dkt. No. 79. Defendants answered the

Second Amended Complaint on September 8, 2017, denying all claims in the Second Amended Complaint and asserting certain defenses thereto. Dkt. No. 82.

Thereafter, Lead Plaintiff and Defendants agreed to sequence discovery so that defendants would produce an agreed upon set of documents going to the primary issues in the case (“Phase I discovery”). Defendants completed their production of documents responsive to all of the Phase I discovery categories on May 10, 2018. Thereafter, Lead Plaintiff propounded written discovery and document requests on Defendants during the second Phase (“Phase II”) of discovery.

On June 11, 2018, Lead Plaintiff moved to certify the Class, to appoint Lead Plaintiff as Class Representative, and to appoint Faruqi as class counsel. Dkt. No. 105. In connection with class certification, Defendants took Lead Plaintiff’s deposition and propounded written discovery and document requests. The parties agreed to stay the litigation pending mediation, which the Court approved on July 12, 2018. Dkt. No. 110. On July 20, 2018, the Court terminated Lead Plaintiff’s motion for class certification with instructions to re-file the motion should the stay be lifted. Dkt. 111.

On September 11, 2018, the parties engaged in an in-person mediation before Robert Meyer, Esq., a mediator with substantial experience mediating cases under the federal securities laws. The mediation was preceded by submission of extensive mediation statements and exhibits. The September 11 session was attended by Lead Plaintiff’s counsel, Defendants’ counsel, and representatives of GoPro and certain of its insurance carriers. While the mediation session did not result in a settlement, in the following weeks the parties continued to negotiate with Mr. Meyer’s assistance, and after those further negotiations, the parties agreed to settle the Litigation. Thereafter, the parties engaged in extensive negotiations regarding the complete terms of the Settlement which are set forth in this Stipulation and which are subject to approval by the Court.

## II. LEAD PLAINTIFF’S CLAIMS AND THE BENEFITS OF SETTLEMENT

Lead Plaintiff believes that the claims asserted in the Litigation have merit and that the evidence developed to date supports his claims. Lead Plaintiff and his counsel recognize and acknowledge, however, the expense and length of continued proceedings necessary to prosecute the Litigation against Defendants through trial and through appeals. Lead Plaintiff and his

counsel also have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as this Litigation, as well as the difficulties and delays inherent in such litigation. Lead Plaintiff and his counsel also are mindful of the inherent problems of proof and the possible defenses to the violations of securities law asserted in the Litigation. Lead Plaintiff and his counsel believe that the settlement set forth in the Stipulation confers substantial benefits upon himself and the Class.

Lead Plaintiff and his counsel represent that they have conducted an extensive investigation of the claims and the underlying events and transactions alleged in the Litigation. Among other things, Lead Plaintiff's counsel analyzed public filings, records, news articles, documents, and other materials concerning Defendants and third parties, and have researched the applicable law with respect to the claims of Lead Plaintiff and the Class against Defendants and the potential defenses thereto. In addition, Lead Plaintiff has reviewed thousands of pages of documents produced by Defendants during the Litigation. Based on their evaluation, Lead Plaintiff and his counsel have determined that the settlement set forth in the Stipulation is fair, reasonable, adequate, and in the best interests of Lead Plaintiff and the Class.

## III. DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

Defendants have denied and continue to deny each and all of the claims alleged by Lead Plaintiff and the Class in the Litigation. Defendants expressly have denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Litigation. Defendants also have denied and continue to deny, among other allegations, the allegations that Lead Plaintiff or the Class have suffered any damage, that the price of GoPro securities was artificially inflated by reasons of alleged misrepresentations, non-disclosures or otherwise, or that Lead Plaintiff or the Class were harmed by the conduct alleged in the Litigation or that could have been alleged as part of the Litigation. Defendants believe that the evidence developed to date supports their position that they acted properly at all times and that the Litigation is without merit. In addition, Defendants maintain that they have meritorious defenses to all claims alleged in the Litigation. Nonetheless, Defendants have concluded that further conduct of the Litigation would be

protracted and expensive. Defendants also have taken into account the uncertainty and risks inherent in any litigation, especially in complex cases such as this Litigation. Defendants have, therefore, determined that it is desirable and beneficial to them that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation.

**IV. TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT**

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Lead Plaintiff (for himself and the Class Members) and Defendants, by and through their respective counsel or attorneys of record, that, subject to the approval of the Court, the Litigation, the Released Claims, shall be finally and fully compromised, settled, and released, and the Litigation shall be dismissed with prejudice, as to all Settling Parties, the Released Defendant Parties and the Released Plaintiff Parties, upon and subject to the terms and conditions of the Stipulation, as follows.

**1. Definitions**

As used in the Stipulation the following terms have the meanings specified below:

1.1 "Authorized Claimant" means any Class Member whose claim for recovery has been allowed pursuant to the terms of the Stipulation.

1.2 "Claims Administrator" means Epiq Class Action & Claims Solutions, Inc., the firm retained by Lead Counsel, subject to Court approval, which shall mail and publish the Notices, process Proofs of Claim and Releases, and distribute the Net Settlement Fund to Authorized Claimants.

1.3 "Class" means, for the purposes of settlement only, all Persons and entities who purchased GoPro common stock between September 19, 2016 and November 8, 2016, inclusive, and were damaged thereby. Excluded from the Class are (i) the Defendants; (ii) members of the immediate families of any Individual Defendant; (iii) any firm, trust, partnership, corporation, or entity in which a Defendant or an immediate family member of any Individual Defendant has a controlling interest; (iv) the directors and officers of GoPro at all relevant times; and (v) the legal representatives, heirs, successors-in-interest or assigns of such excluded persons. Also excluded from the Class are those Persons who timely and validly request exclusion from the Class.

1.4 “Class Member” or “Member of the Class” means a Person who falls within the definition of the Class as set forth in ¶1.3 above.

1.5 “Class Period” means the period from September 19, 2016 through November 8, 2016, inclusive.

1.6 “Defendants” means GoPro and the Individual Defendants.

1.7 “Effective Date,” or the date upon which this settlement becomes “effective,” means the date by which all of the events and conditions specified in ¶7.1 of the Stipulation have been met and have occurred.

1.8 “Escrow Account” means the segregated and separate escrow account designated and controlled by the Escrow Agent at one or more national banking institutions into which the Settlement Amount will be deposited for the benefit of the Class.

1.9 “Escrow Agent” means Huntington National Bank or its successor.

1.10 “Final” means when the last of the following with respect to the Judgment approving the Stipulation, substantially in the form of Exhibit B attached hereto, shall occur: (a) the expiration of the time to file a motion to alter or amend the Judgment under Federal Rule of Civil Procedure 59(e) without any such motion having been filed; (b) the time in which to appeal the Judgment has passed without any appeal having been taken; and (c) if there is a motion to alter or amend the Judgment or an appeal from the Judgment, the date of final affirmance of the Judgment and the expiration of the time for any further judicial review (whether by reason of affirmance by a court of last resort, lapse of time, voluntary dismissal of the appeal or otherwise) in such a manner as to permit the consummation of the settlement substantially in accordance with the terms and conditions of this Stipulation. For purposes of this paragraph, an “appeal” shall include any petition for a writ of certiorari or other writ that may be filed in connection with approval or disapproval of this settlement, but shall not include any appeal which concerns only the issue of Lead Counsel’s attorneys’ fees and expenses, payment to Lead Plaintiff for his time and expenses, the Plan of Allocation of the Net Settlement Fund, as hereinafter defined, or the procedures for determining Authorized Claimants’ recognized claims.

1.11 “GoPro” or the “Company” means GoPro, Inc.

1.12 "Individual Defendants" means Nicholas Woodman, Brian McGee and Anthony Bates.

1.13 "Judgment" means the Final Judgment and Order of Dismissal with Prejudice to be rendered by the Court, substantially in the form attached hereto as Exhibit B.

1.14 "Lead Counsel" means Faruqi & Faruqi, LLP, 685 Third Avenue, 26th Floor, New York, NY 10017.

1.15 "Lead Plaintiff" means Troy Larkin.

1.16 "Litigation" means the action captioned *Larkin v. GoPro, Inc., et al.*, Case No. 4:16-cv-06654-CW (SK) (N.D. Cal.).

1.17 "Net Settlement Fund" means the Settlement Fund less any attorneys' fees, expenses, and any award to Lead Plaintiff, provided for herein or approved by the Court and less Notice and Administration Expenses, Taxes and Tax Expenses, and other Court-approved deductions.

1.18 "Notice" means the Notice of Pendency and Proposed Settlement of Class Action, which, subject to approval of the Court, shall be substantially in the form attached hereto as Exhibit A-1.

1.19 "Notice and Administration Expenses" means reasonable costs and expenses incurred in connection with providing notice to the Class, locating Class Members, soliciting claims, assisting with the submission of claims, processing Proof of Claim and Release forms, administering and distributing the Net Settlement Fund to Authorized Claimants, and paying escrow fees and costs, if any.

1.20 "Person" means an individual, corporation, limited liability corporation, professional corporation, partnership, limited partnership, limited liability partnership, association, joint stock company, joint venture, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assigns.

1.21 "Plan of Allocation" means a plan or formula of allocation of the Net Settlement Fund whereby the Net Settlement Fund shall be distributed to Authorized Claimants. Any Plan of

Allocation is not part of the Stipulation, and the Released Defendant Parties shall not have any responsibility or liability with respect thereto. Any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel this Stipulation or affect the finality of the Judgment. Defendants will have no role in formulating the Plan of Allocation or administering it.

1.22 "Preliminary Approval Order" means the Order Preliminarily Approving Settlement and Providing for Notice as approved by the Court, substantially in the form attached hereto as Exhibit A.

1.23 "Proof of Claim and Release" means a Proof of Claim and Release, which, subject to approval of the Court, shall be substantially in the form attached hereto as Exhibit A-2.

1.24 "Released Claims" means any and all claims and causes of action of every nature and description whatsoever, whether known or unknown, whether arising under federal, state, common or foreign law, and/or whether class or individual in nature, that Lead Plaintiff or any other Member of the Class asserted in the Litigation or could have asserted in any forum that arise out of, are based upon, or relate in any way to (a) the allegations, acts, transactions, facts, events, matters, occurrences, misrepresentations or omissions involved, set forth, alleged or referred to, in this Litigation, or which could have been alleged in this Litigation, and (b) the purchase, acquisition, sale or disposition of GoPro common stock during the Class Period. "Released Claims" includes "Unknown Claims" as defined in ¶1.34 hereof. "Released Claims" does not, however, include claims to enforce the Settlement.

1.25 "Released Defendant Parties" means each and all of the Defendants, and each of a Defendant's respective present and former parents, subsidiaries, divisions, joint ventures, affiliates, and each of their and Defendants' respective present and former employees, members, partners, principals, agents, officers, directors, controlling shareholders, attorneys, advisors, accountants, auditors, financial or investment advisors or consultants, banks or investment bankers, personal or legal representatives, insurers, co-insurers, reinsurers, related or affiliated entities, predecessors, successors, spouses, estates, heirs, executors, trusts, trustees, administrators, agents, representatives, and assigns, in their capacity as such, any entity in which a Defendant has a controlling interest, any member of an Individual Defendant's immediate

family, and any trust in which any Individual Defendant is the settlor or which is for the benefit of any Defendant and/or member(s) of his family.

1.26 "Released Defendants' Claims" means all claims and causes of action of every nature and description whatsoever, whether known or unknown, whether arising under federal, state, common or foreign law, or any other law that Defendants could have asserted against any of the Released Plaintiff Parties in any forum that arise out of, are based upon, or relate in any way to the institution, prosecution, or settlement of the claims in the Litigation, except for claims to enforce the Settlement. "Released Defendants' Claims" includes "Unknown Claims" as defined in ¶1.34 hereof.

1.27 "Released Plaintiff Parties" means Lead Plaintiff, Lead Counsel, and each and every Class Member, and each of their respective past or present trustees, officers, directors, partners, employees, contractors, auditors, principals, agents, attorneys, predecessors, successors, assigns, insurers, parents, subsidiaries, general or limited partners or partnerships, and limited liability companies; and the spouses, members of the immediate families, representatives, and heirs of any Released Plaintiff Party who is an individual, as well as any trust of which any Released Plaintiff Party is the settlor or which is for the benefit of any of their immediate family members. Released Plaintiff Parties does not include any Person who timely and validly seeks exclusion from the Class.

1.28 "Settlement Amount" means Six Million Seven Hundred Fifty Thousand U.S. Dollars ($6,750,000.00) in cash to be paid to the Escrow Agent by wire transfer, check, or as otherwise agreed pursuant to ¶2.1 of this Stipulation.

1.29 "Settlement Fund" means the Settlement Amount plus all interest and accretions thereto and which may be reduced by payments or deductions as provided herein or by Court order.

1.30 "Settlement Hearing" means the hearing to be held by the Court to determine whether the proposed Settlement is fair, reasonable, and adequate and should be approved.

1.31 "Settling Parties" means, collectively, Defendants, Lead Plaintiff, and the Class.

1.32 "Summary Notice" means the Summary Notice for publication, which, subject to approval of the Court, shall be substantially in the form attached hereto as Exhibit A-3.

1.33 "Tax" or "Taxes" mean any and all taxes, fees, levies, duties, tariffs, imposts, and other charges of any kind (together with any and all interest, penalties, additions to tax and additional amounts imposed with respect thereto) imposed by any governmental authority.

1.34 "Unknown Claims" means any Released Claims which Lead Plaintiff or Class Members do not know or suspect to exist in his, her, their, or its favor at the time of the release of the Released Defendant Parties, and any Released Defendants' Claims that any Defendant does not know or suspect to exist in his, her or its favor at the time of the release of the Released Plaintiff Parties, which, if known by him, her, them, or it, might have affected his, her, their, or its decision(s) with respect to the Settlement, including the decision to object to the terms of the Settlement or to exclude himself, herself, or itself from the Class. With respect to any and all Released Claims and Released Defendants' Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Lead Plaintiff and Defendants shall expressly waive, and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights, and benefits of California Civil Code §1542 and any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Lead Plaintiff, other Class Members, or Defendants may hereafter discover facts in addition to or different from those which he, she, they, or it now knows or believes to be true with respect to the subject matter of the Released Claims and the Released Defendants' Claims, but Lead Plaintiff and Defendants shall expressly settle and release and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims and Released Defendants' Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, disclosed or

undisclosed, matured or unmatured, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Lead Plaintiff and Defendants acknowledge, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waivers, and the inclusion of "Unknown Claims" in the definition of Released Claims and Released Defendants' Claims, were separately bargained for and material elements of the Settlement.

**2. The Settlement**

**a. The Settlement Amount**

2.1 Within thirty (30) calendar days after entry of the Preliminary Approval Order, the Settlement Amount will be paid by or on behalf of Defendants in accordance with the instructions to be provided by the Escrow Agent. Payment of the Settlement Amount may be made by wire transfer, by delivering to the Escrow Agent a check or checks payable to the Settlement Fund, by any combination of those methods, or in any other manner agreed upon by Lead Plaintiff and Defendants. Within one (1) day of entry of the Preliminary Approval Order, Lead Counsel will furnish to GoPro and its insurance carriers adequate payment instructions consisting of wire transfer instructions, instructions for payment by check, and a completed IRS Form W-9 for the Settlement Fund, including an address and tax ID number.

2.2 If the entire Settlement Amount is not timely paid to the Escrow Agent, Lead Plaintiff may terminate the settlement but only if (a) Lead Counsel has notified Defendants' counsel in writing of Lead Counsel's intention to terminate the settlement, and (b) the entire Settlement Amount is not transferred to the Escrow Agent within ten (10) calendar days after Lead Counsel has provided such written notice. Failure by Lead Counsel to timely furnish adequate payment instructions to GoPro and its insurance carriers pursuant to ¶2.1 shall not be a basis for termination under this section and any delay in providing such instructions shall extend

the period in which the Settlement Amount will be paid under ¶2.1 by an equivalent number of days.

2.3 The Escrow Agent shall deposit the Settlement Amount plus any accrued interest in a segregated Escrow Account maintained by the Escrow Agent. No interest shall be earned or paid on the Settlement Amount prior to payment into the Escrow Account.

2.4 Other than the obligation of GoPro to cause the payment of the Settlement Amount pursuant to ¶2.1, the Released Defendant Parties shall have no obligation to make any other payments into the Escrow Account or to any Class Member pursuant to this Stipulation.

**b. The Escrow Agent**

2.5 The Escrow Agent shall invest the Settlement Amount deposited pursuant to ¶2.1 hereof in United States Agency or Treasury Securities or other instruments or accounts backed by the Full Faith & Credit of the United States Government or an Agency thereof, or fully insured by the United States Government or an Agency thereof and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates. All risks related to the investment of the Settlement Fund in accordance with the investment guidelines set forth in this paragraph shall be borne by the Settlement Fund and the Released Defendant Parties shall have no responsibility for, interest in, or liability whatsoever with respect to investment decisions or the actions of the Escrow Agent, or any transactions executed by the Escrow Agent.

2.6 The Escrow Agent shall not disburse the Settlement Fund except as provided in the Stipulation, by an order of the Court, or with the written agreement of counsel for Defendants.

2.7 Subject to further order(s) and/or directions as may be made by the Court, or as provided in the Stipulation, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of the Stipulation. The Released Defendant Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the actions of the Escrow Agent, or any transaction executed by the Escrow Agent.

2.8 All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such

time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

2.9 The Settlement is non-recapture; *i.e.*, it is not a claims-made settlement. Upon the occurrence of the Effective Date, no Defendant, or any other person or entity who or which paid any portion of the Settlement Amount, shall have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever (including, without limitation, the number of Proof of Claim and Release forms submitted, the collective amount of recognized claims of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund), except as set forth in ¶7.8 below.

2.10 The Escrow Agent may, at any time after entry of the Preliminary Approval Order and without further approval from Defendants or the Court, disburse at the direction of Lead Counsel up to $250,000 from the Settlement Fund prior to the Effective Date to pay Notice and Administration Expenses. After the Effective Date, additional amounts, up to a total of $50,000, may be transferred from the Settlement Fund to pay for any additional Notice and Administration Expenses without further order of the Court. For any additional Notice and Administration Expenses above $50,000, Lead Counsel shall obtain Court approval for payments out of the Escrow Account.

2.11 It shall be Lead Counsel's sole responsibility to disseminate the Notice and Summary Notice to the Class in accordance with this Stipulation and as ordered by the Court. Class Members shall have no recourse as to the Released Defendant Parties with respect to any claims they may have that arise from any failure of the notice process.

**c. Taxes**

2.12 (a) The Settling Parties, the Escrow Agent, and the Claims Administrator agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. §1.468B-1. In addition, the Claims Administrator shall timely make such elections as necessary or advisable to carry out the provisions of this ¶2.12, including the "relation-back election" (as defined in Treas. Reg. §1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in

such regulations. It shall be the responsibility of the Claims Administrator to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b) For the purpose of §1.468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Claims Administrator. The Claims Administrator shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treas. Reg. §1.468B-2(k)). Such returns (as well as the election described in ¶2.12(a) hereof) shall be consistent with this ¶2.12 and in all events shall reflect that all Taxes (including any estimated Taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶2.12(c) hereof.

(c) All (i) Taxes (including any estimated Taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon the Released Defendant Parties or their counsel with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes, and (ii) expenses and costs incurred in connection with the operation and implementation of this ¶2.12 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this ¶2.12) ("Tax Expenses"), shall be paid out of the Settlement Fund; in all events the Released Defendant Parties and their counsel shall have no liability or responsibility for the Taxes or the Tax Expenses. The Settlement Fund shall indemnify and hold each of the Released Defendant Parties and their counsel harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification). Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court as directed by Lead Counsel and the Claims Administrator and the Escrow Agent shall be authorized (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized

Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(l)(2)) as directed by Lead Counsel and the Claims Administrator; neither the Released Defendant Parties nor their counsel are responsible nor shall they have any liability for any Taxes or Tax Expenses. The parties hereto agree to cooperate with the Escrow Agent, the Claims Administrator, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶2.12.

**d. Termination of Settlement**

2.13 In the event that the Stipulation is not approved or the Stipulation is terminated, canceled, or fails to become effective for any reason, the Settlement Fund (including accrued interest), less Notice and Administration Expenses or Taxes or Tax Expenses paid, incurred, or due and owing in connection with the settlement provided for herein, shall be refunded pursuant to written instructions from counsel for Defendants in accordance with ¶7.5 herein.

**3. Preliminary Approval Order and Settlement Hearing**

3.1 Promptly after execution of the Stipulation, Lead Counsel shall submit the Stipulation together with its Exhibits to the Court and shall apply for entry of the Preliminary Approval Order, substantially in the form of Exhibit A attached hereto, requesting, inter alia, the preliminary approval of the settlement set forth in the Stipulation, and approval for the mailing of the settlement Notice, approval of the form and content of the Proof of Claim and Release, and publication of the Summary Notice, substantially in the forms of Exhibits A-1, A-2, and A-3 attached hereto. The Notice shall include the general terms of the settlement set forth in the Stipulation, the proposed Plan of Allocation, the general terms of the Fee and Expense Application, as defined in ¶6.1 hereof, and the date of the Settlement Hearing as defined below.

3.2 Lead Counsel shall request that after notice is given, the Court hold the Settlement Hearing and approve the settlement of the Litigation as set forth herein. At or after the Settlement Hearing, Lead Counsel also will request that the Court approve the proposed Plan of Allocation and the Fee and Expense Application and Lead Plaintiffs' request for payment of time and expenses, if any.

**4. Releases**

4.1 Upon the Effective Date, as defined in ¶1.7 hereof, Lead Plaintiff shall, and each of the Class Members shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Defendant Parties, whether or not such Class Member executes and delivers the Proof of Claim and Release, whether or not such Class Member shares in the Settlement Fund, and whether or not such Class Member objects to the settlement. Claims to enforce the terms of this Stipulation are not released.

4.2 The Proof of Claim and Release to be executed by Class Members shall release all Released Claims against the Released Defendant Parties and shall be substantially in the form contained in Exhibit A-2 attached hereto.

4.3 Upon the Effective Date, as defined in ¶1.7 hereof, all Class Members and anyone claiming through or on behalf of any of them, will be forever barred from commencing, instituting, prosecuting or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, asserting the Released Claims against any of the Released Defendant Parties.

4.4 Upon the Effective Date, as defined in ¶1.7 hereof, each of Defendants shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Defendants' Claims against the Released Plaintiff Parties. Claims to enforce the Stipulation are not released.

**5. Administration and Calculation of Claims, Final Awards and Supervision of the Settlement Fund**

5.1 The Claims Administrator, subject to such supervision and direction of the Court as may be necessary or as circumstances may require, shall administer and calculate the claims submitted by Class Members and shall oversee distribution of the Net Settlement Fund to Authorized Claimants.

5.2 The Settlement Fund shall be applied as follows:

(a) to pay all Notice and Administration Expenses;

(b) to pay the Taxes and Tax Expenses described in ¶2.12 hereof;

(c) to pay attorneys' fees and expenses of Lead Plaintiff's counsel (the "Fee and Expense Award"), and to pay Lead Plaintiff for his time and expenses, if and to the extent allowed by the Court; and

(d) after the Effective Date, to distribute the Net Settlement Fund to Authorized Claimants as allowed by the Stipulation, the Plan of Allocation, or the Court.

5.3 After the Effective Date, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with the following.

5.4 Within ninety (90) days after the mailing of the Notice or such other time as may be set by the Court, each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim and Release, substantially in the form of Exhibit A-2 attached hereto, signed under penalty of perjury and supported by such documents as are specified in the Proof of Claim and Release.

5.5 Except as otherwise ordered by the Court, all Class Members who fail to timely submit a valid Proof of Claim and Release within such period, or such other period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to the Stipulation and the settlement set forth herein, but will in all other respects be subject to and bound by the provisions of the Stipulation, the releases contained herein, and the Judgment. Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not an obligation) to accept late-submitted claims for processing by the Claims Administrator so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby.

5.6 The Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with the Plan of Allocation set forth in the Notice and approved by the Court. If there is any balance remaining in the Net Settlement Fund after a reasonable period of time after the date of the initial distribution of the Net Settlement Fund, Lead Counsel shall, if

feasible, reallocate (which reallocation may occur on multiple occasions) such balance among Authorized Claimants in an equitable and economic fashion. Thereafter, any balance below $5,000 which still remains in the Net Settlement Fund, shall be donated to Investor Protection Trust, a nation-wide non-profit organization dedicated to providing investor education and advocacy.

5.7 The Released Defendant Parties shall have no responsibility for, interest in, or liability whatsoever with respect to: (i) any act, omission, or determination by Lead Counsel, the Escrow Agent, or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management, investment, or distribution of the Settlement Fund; (iii) the Plan of Allocation; (iv) the determination, administration, or calculation of claims to be paid from the Settlement Fund; (v) the payment or withholding of Taxes or Tax Expenses, or any expenses or losses incurred in connection therewith. No Person shall have any claim of any kind against the Released Defendant Parties with respect to the matters set forth in ¶¶5.1-5.9 hereof; and the Class Members, Lead Plaintiff, and Lead Counsel release the Released Defendant Parties from any and all liability and claims arising from or with respect to the administration, investment or distribution of the Settlement Fund.

5.8 No Person shall have any claim against Lead Plaintiff, Lead Counsel or the Claims Administrator based on determinations or distributions made substantially in accordance with the Stipulation and the settlement contained herein, the Plan of Allocation, or further order(s) of the Court.

5.9 It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of the Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the settlement set forth in the Stipulation, and any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel the Stipulation or affect the finality of the Court's Judgment approving the Stipulation and the settlement set forth therein.

**6. Lead Plaintiff's Counsel's Attorneys' Fees and Expenses**

6.1 Lead Counsel may submit an application or applications (the "Fee and Expense Application") for distributions from the Settlement Fund for: (a) an award of attorneys' fees; plus (b) expenses or charges incurred in connection with prosecuting the Litigation; plus (c) any interest on such attorneys' fees and expenses at the same rate and for the same periods as earned by the Settlement Fund (until paid) as may be awarded by the Court.

6.2 Any fees and expenses awarded by the Court, shall be paid to Lead Counsel from the Settlement Fund, as ordered, immediately after the Court executes the Judgment and an order awarding such fees and expenses.

6.3 In the event that the Effective Date does not occur, or the Judgment or the order making the Fee and Expense Award is reversed or modified, or the Stipulation is canceled or terminated for any other reason, and such reversal, modification, cancellation, or termination becomes final and not subject to review, and in the event that the Fee and Expense Award has been paid to any extent, then Lead Counsel with respect to the entire Fee and Expense Award, shall within five (5) business days from receiving notice from the Defendants' counsel or from a court of appropriate jurisdiction, refund to the Settlement Fund such fees and expenses previously paid to them from the Settlement Fund plus interest thereon at the same rate as earned on the Settlement Fund in an amount consistent with such reversal or modification.

6.4 Lead Plaintiff may submit an application for an award to be paid from the Settlement Fund for his time and expenses in connection with the prosecution of the Litigation. However, in the event that the Effective Date does not occur, or the judgment or the order approving Lead Plaintiff's application for an award for his time and expenses is reversed or modified, or the Stipulation is canceled or terminated for any other reason, and such reversal, modification, cancellation or termination becomes final and not subject to review, then Lead Plaintiff shall within five (5) business days from receiving notice from Defendants' counsel or from a court of appropriate jurisdiction, refund to the Settlement Fund such amounts for time and expenses previously paid to him from the Settlement Fund plus interest thereon at the same rate as earned on the Settlement Fund in an amount consistent with such reversal or modification.

6.5 The procedure for and the allowance or disallowance by the Court of any applications by Lead Counsel for attorneys' fees and expenses, or the time and expenses of Lead Plaintiff, to be paid out of the Settlement Fund, are not part of the settlement set forth in the Stipulation, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the settlement set forth in the Stipulation, and any order or proceeding relating to the Fee and Expense Application, or Lead Plaintiff's time and expense application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the settlement of the Litigation set forth therein.

6.6 Any fees and/or expenses awarded by the Court shall be paid solely from the Settlement Fund. The Released Defendant Parties shall have no responsibility for any payment of attorneys' fees and/or expenses to Lead Counsel or Lead Plaintiff.

**7. Conditions of Settlement, Effect of Disapproval, Cancellation or Termination**

7.1 The Effective Date of the Stipulation shall be conditioned on the occurrence of all of the following events:

(a) the Settlement Amount has been deposited into the Escrow Account;

(b) the Court has entered the Preliminary Approval Order, as required by ¶3.1 hereof;

(c) the Court has entered the Judgment, or a judgment substantially in the form of Exhibit B attached hereto;

(d) GoPro has not exercised its option to terminate the Stipulation pursuant to ¶7.4 hereof; and

(e) the Judgment has become Final, as defined in ¶1.10 hereof.

7.2 Upon the Effective Date, any and all remaining interest or right of the Defendants or the Defendants' insurers in or to the Settlement Fund, if any, shall be absolutely and forever extinguished.

7.3 If the conditions specified in ¶7.1 hereof are not met, then the Stipulation shall be canceled and terminated subject to ¶7.5 hereof unless Lead Counsel and counsel for the Defendants mutually agree in writing to proceed with the Stipulation.

7.4 If Persons who would otherwise be Members of the Class have timely requested exclusion from the Class in accordance with the Notice, GoPro shall have, in its sole and absolute discretion, the option to terminate the settlement in the event that Class Members representing more than a certain percentage of GoPro securities subject to this settlement exclude themselves from the Class, as set forth in a separate agreement (the "Supplemental Agreement") executed between the Lead Plaintiff and GoPro, by and through their counsel. The Supplemental Agreement will not be filed with the Court unless a dispute arises as to its terms, or as otherwise ordered by the Court, nor shall the Supplemental Agreement otherwise be disclosed unless ordered by the Court. If the Court requires that the Supplemental Agreement be filed, the parties shall request that it be filed under seal or redacted.

7.5 Unless otherwise ordered by the Court, in the event the Stipulation shall terminate, or be canceled, or shall not become effective for any reason, within five (5) business days after written notification of such event is sent by counsel for the Defendants or Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest), less expenses which have either been disbursed pursuant to ¶¶2.10 and 2.12 hereof, or are chargeable to the Settlement Fund pursuant to ¶¶2.10 and 2.12 hereof, shall be refunded by the Escrow Agent pursuant to written instructions from Defendants' counsel. The Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Amount and pay the proceeds, after deduction of any fees or expenses incurred in connection with such application(s) for refund, pursuant to written instructions from Defendants' counsel.

7.6 In the event that the Stipulation is not approved by the Court or the settlement set forth in the Stipulation is terminated or fails to become effective in accordance with its terms, the Settling Parties shall be restored to their respective positions in the Litigation as of September 11, 2018. In such event, the terms and provisions of the Stipulation, with the exception of ¶¶1.1-1.34, 2.10-2.13, 6.3-6.4, 7.5-7.7, 8.3, and 8.6 hereof, shall have no further force and effect with respect

to the Settling Parties and shall not be used in this Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*. No order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or the amount of any attorneys' fees, costs, expenses, and interest awarded by the Court to Lead Counsel or time and expenses to Lead Plaintiff shall operate to terminate or cancel this Stipulation or constitute grounds for cancellation or termination of the Stipulation.

7.7 If the Effective Date does not occur, or if the Stipulation is terminated pursuant to its terms, neither Lead Plaintiff nor Lead Counsel shall have any obligation to repay any amounts disbursed pursuant to ¶¶2.10 or 2.12. In addition, any expenses already incurred pursuant to ¶¶2.10 or 2.12 hereof at the time of such termination or cancellation but which have not been paid, shall be paid by the Escrow Agent in accordance with the terms of the Stipulation prior to the balance being refunded in accordance with ¶¶2.13 and 7.5 hereof.

7.8 GoPro warrants and represents that it is not "insolvent" within the meaning of 11 U.S.C. §101(32) as of the time the Stipulation is executed and will not be as of the time the payments of the Settlement Amount are actually transferred or made as reflected in the Stipulation. This representation is made by GoPro and not by GoPro's counsel. In the event of a final order of a court of competent jurisdiction, not subject to any further proceedings, determining the transfer of the Settlement Fund, or any portion thereof, by or on behalf of any Defendant to be a voidable preference, voidable transfer, fraudulent transfer, or similar transaction under Title 11 of the United States Code (Bankruptcy), or applicable state law, and any portion thereof is required to be refunded and such amount is not promptly deposited in the Settlement Fund by or on behalf of any other Defendant, then, at the election of Lead Plaintiff, as to the Defendant as to whom such order applies, the settlement may be terminated and the Judgment entered in favor of such Defendant pursuant to the settlement shall be null and void. In such instance, the releases given and the Judgments entered in favor of other Defendants shall remain in full force and effect. Alternatively, at the election of Lead Plaintiff, the Settling Parties shall jointly move the Court to vacate and set aside the release given and the Judgment entered in

favor of the Defendants and that Defendants and Lead Plaintiff and the Members of the Class shall be restored to their litigation positions as of September 11, 2018 and the Settlement Fund shall be promptly returned.

**8. Miscellaneous Provisions**

8.1 The Settling Parties (a) acknowledge that it is their intent to consummate this Stipulation; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of the Stipulation.

8.2 The Settling Parties intend this settlement to be a final and complete resolution of all disputes between them with respect to the Litigation. The settlement resolves claims which are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense. The Settling Parties agree that, and the Final Judgment will contain a finding that, during the course of the Litigation, the parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11. The Settling Parties agree that the Settlement Amount and the other terms of the settlement were negotiated in good faith by the Settling Parties, and reflect a settlement that was reached voluntarily after consultation with competent legal counsel. The Settling Parties further agree that the parties and their counsel acted in good faith with respect to the Litigation and will not assert otherwise. Notwithstanding the foregoing, the Settling Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum regarding the Litigation, including that the Litigation was brought or defended in bad faith or without a reasonable basis.

8.3 Neither this Stipulation nor the settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of Defendants or the Released Defendant Parties, or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants or the Released Defendant Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.

8.4 Defendants and/or the Released Defendant Parties may file this Stipulation and/or the Judgment from this action in any other action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

8.5 For purposes of this settlement only, the Settling Parties agree to: (i) certification of the Litigation as a class action, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3), on behalf of the Class as defined in ¶1.3; (ii) the appointment of Lead Plaintiff as Class Representative for the Class; and (iii) the appointment of Lead Counsel as Class Counsel for the Class pursuant to Fed. R. Civ. P. 23(g).

8.6 All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Stipulation.

8.7 All of the Exhibits to the Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

8.8 The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

8.9 The Stipulation and the Exhibits attached hereto and the Supplemental Agreement constitute the entire agreement among the parties hereto and no representations, warranties or inducements have been made to any party concerning the Stipulation or its Exhibits other than the representations, warranties, and covenants contained and memorialized in such documents. Except as otherwise provided herein, each party shall bear its own costs.

8.10 Lead Counsel, on behalf of the Class, are expressly authorized by Lead Plaintiff to take all appropriate action required or permitted to be taken by the Class pursuant to the Stipulation to effectuate its terms and also are expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Class which they deem appropriate.

8.11 All counsel and any other Person executing this Stipulation and any of the Exhibits hereto, or any related Settlement documents, warrant and represent that they have the full

authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

8.12 The Stipulation may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of executed counterparts shall be filed with the Court. Signatures sent by facsimile or via e-mail in .pdf format shall be deemed originals.

8.13 The Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto. No assignment shall relieve any party hereto of obligations hereunder.

8.14 The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, and all Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in the Stipulation and matters related to the settlement.

8.15 Pending approval of the Court of the Stipulation and its Exhibits, all proceedings in this Litigation shall be stayed and all Members of the Class shall be barred from prosecuting any of the Released Claims against any of the Released Defendant Parties.

8.16 This Stipulation and the Exhibits hereto shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of California, and the rights and obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of California without giving effect to that State's choice of law principles, except to the extent that federal law requires that federal law govern.

IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys, dated February 14, 2019.

FARUQI & FARUQI, LLP

By: R W Gonnello
Richard W. Gonnello

RICHARD W. GONNELLO (*pro hac vice*)
KATHERINE M. LENAHAN (*pro hac vice*)
SHERIEF MORSY (*pro hac vice*)
FARUQI & FARUQI, LLP
685 Third Avenue, 26th Floor
New York, NY 10017
Telephone: 212.983.9330
Facsimile: 212.983.9331

BENJAMIN HEIKALI (CSB No. 307466)
10866 Wilshire Boulevard, Suite 1470
Los Angeles, CA 90024
Telephone: 424.256.2884
Facsimile: 424.256.2885

*Lead Counsel for Lead Plaintiff Troy Larkin*

FENWICK & WEST LLP

By: Susan S. Muck by MB w/ authorization
Susan S. Muck

SUSAN S. MUCK (CSB No. 126930)
CATHERINE D. KEVANE (CSB No. 215501)
MARIE C. BAFUS (CSB No. 258417)
VINCENT BARREDO (CSB No. 275518)
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300
Fax: 415.281.1350
smuck@fenwick.com
ckevane@fenwick.com
mbafus@fenwick.com
vbarredo@fenwick.com

*Attorneys for Defendants GoPro, Inc., Nicholas Woodman, Brian McGee and Anthony Bates*