1  BENJAMIN HEIKALI (CSB No. 307466)
   bheikali@faruqilaw.com
2  FARUQI & FARUQI, LLP
   10866 Wilshire Boulevard, Suite 1470
3  Los Angeles, CA 90024
   Telephone:    424.256.2884
4  Facsimile:    424.256.2885

5  RICHARD W. GONNELLO (*pro hac vice*)
   rgonnello@faruqilaw.com
6  KATHERINE M. LENAHAN (*pro hac vice*)
   klenahan@faruqilaw.com
7  SHERIEF MORSY (*pro hac vice*)
   smorsy@faruqilaw.com
8  FARUQI & FARUQI, LLP
   685 Third Avenue, 26th Floor
9  New York, NY 10017
   Telephone:    212.983.9330
10 Facsimile:    212.983.9331

11 Attorneys for Lead Plaintiff

12

13                 UNITED STATES DISTRICT COURT

14              NORTHERN DISTRICT OF CALIFORNIA

15                      OAKLAND DIVISION

16

17 TROY LARKIN, Individually and on Behalf of      Case No.: 4:16-cv-06654-CW
   All Others Similarly Situated,
18                                                 CLASS ACTION
                   Plaintiff,
19                                                 [PROPOSED] ORDER
        v.                                         PRELIMINARILY APPROVING
20                                                 SETTLEMENT AND PROVIDING
   GOPRO, INC., NICHOLAS D. WOODMAN,               FOR NOTICE
21 BRIAN MCGEE and ANTHONY BATES,
                                                   REVISED EXHIBIT A TO
22                 Defendants.                     STIPULATION OF SETTLEMENT

23                                                 Date Action Filed:  November 16, 2016

24

25

26

27

28

WHEREAS, (i) Lead Plaintiff Troy Larkin, on behalf of himself and each of the Class Members, and (ii) defendants Nicholas Woodman, Brian McGee and Anthony Bates (together, "Individual Defendants") and GoPro, Inc. ("GoPro" or the "Company") (all collectively, "Defendants"), have entered into the Stipulation of Settlement, dated February 14, 2019 (the "Stipulation"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits annexed thereto, sets forth the terms and conditions for the proposed settlement and dismissal of the class action pending before the Court entitled *Larkin v. GoPro, Inc., et al.*, Case No. 4:16-cv-06654-CW (SK) (N.D. Cal.) (the "Litigation"); and the Court having read and considered the Stipulation and the exhibits thereto and submissions made relating thereto, and finding that substantial and sufficient grounds exist for entering this Order; and the Settling Parties having consented to the entry of this Order; and

WHEREAS, unless otherwise defined, all terms used herein have the same meanings as set forth in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      The Court has reviewed the Stipulation and does hereby preliminarily approve the settlement set forth therein, subject to further consideration at the Settlement Hearing described below.

2.      Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and for purposes of this settlement only, the Litigation is hereby preliminarily certified as a class action on behalf of all Persons and entities who purchased GoPro common stock between September 19, 2016 and November 8, 2016, inclusive, and were damaged thereby.  Excluded from the Class are (i) the Defendants; (ii) members of the immediate families of any Individual Defendant; (iii) any firm, trust, partnership, corporation or entity in which a Defendant or an immediate family member of any Individual Defendant has a controlling interest; (iv) the directors and officers of GoPro at all relevant times; and (v) the legal representatives, heirs, successors-in-interest or assigns of such excluded persons.  Also excluded from the Class are those Persons who timely and validly request exclusion from the Class.

3.     The Court finds, for the purposes of the settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of Lead Plaintiff are typical of the claims of the Class they seek to represent; (d) Lead Plaintiff and Lead Counsel have and will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the Members of the Class predominate over any questions affecting only individual Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the settlement only, Lead Plaintiff is certified as the Class Representative on behalf of the Class and Lead Counsel is hereby appointed as Class Counsel.

5.     A hearing (the "Settlement Hearing") shall be held before this Court on September 10, 2019, at 2:30 p.m., at the United States District Court for the Northern District of California, Oakland Division, Ronald V. Dellums Federal Building & United States Courthouse, Courtroom 6, 1301 Clay Street, Oakland, California 94612, to determine whether the proposed settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate and should be approved by the Court; whether a Judgment as provided in ¶1.13 of the Stipulation should be entered; whether the proposed Plan of Allocation is fair, reasonable, and adequate and should be approved; to determine the amount of fees and expenses that should be awarded to Lead Counsel; and to determine the amount of expenses to be awarded to Lead Plaintiff.  The Court may adjourn the Settlement Hearing without further notice to the Members of the Class.

6.     The Court approves, as to form and content, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim and Release"), and the Summary Notice annexed hereto as Exhibits A-1, A-2, and A-3, respectively, and finds that the mailing and distribution of the Notice and publishing of the

Summary Notice substantially in the manner and form set forth in ¶¶11-12 of this Order meet the requirements of Federal Rule of Civil Procedure 23, the Private Securities Litigation Reform Act of 1995,  and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

7.      The firm of Epiq Class Action & Claims Solutions, Inc. ("Claims Administrator") is hereby appointed to supervise and administer the notice program as well as the processing of claims as more fully set forth below.

8.      The Court approves the appointment of Huntington National Bank as the Escrow Agent to manage and administer the Settlement Fund for the benefit of the Class.

9.      The Escrow Agent may, at any time after entry of this Order and without further approval from Defendants or the Court, disburse at the direction of Lead Counsel up to $250,000 from the Settlement Fund prior to the Effective Date to pay Notice and Administration Expenses. After the Effective Date, additional amounts, up to a total of $50,000, may be transferred from the Settlement Fund to pay for any additional Notice and Administration Expenses without further order of the Court.  For any additional Notice and Administration Expenses above $50,000, Lead Counsel shall obtain Court approval for payments out of the Escrow Account.

10.     Not later than seven (7) calendar days after the Court signs and enters this Order, GoPro shall provide and/or cause its transfer agent to provide to the Claims Administrator a list of the record owners of GoPro common stock during the Class Period in a usable electronic format, such as an Excel spreadsheet.  This information shall be kept confidential and shall not be used for any purpose other than to provide the notice contemplated by this Order.

11.     Not later than ten (10) business days after receiving the list of the record owners of GoPro Class A common stock during the Class Period (the "Notice Date"), the Claims Administrator, shall mail, by First-Class Mail, postage prepaid, the Notice and Proof of Claim to the list of record holders of GoPro Class A common stock, and shall post to its website at www.GoProSecuritiesLitigation.com the Stipulation and its exhibits, Plaintiff's Motion for Preliminary Approval of Class Action Settlement, this Order, and a copy of the Notice and Proof

of Claim.

12.     Not later than fourteen (14) calendar days after the Notice Date, the Claims Administrator shall cause the Summary Notice to be published once in the national edition of *Investor's Business Daily* and once over *GlobeNewswire*.

13.     Nominees or custodians shall, within ten (10) calendar days of receipt of the Notice and Proof of Claim, either: (i) request additional copies of the Notice and Proof of Claim sufficient to send the Notice and Proof of Claim to all beneficial owners for whom they are nominee or custodian, and within ten (10) calendar days after receipt thereof send copies to such beneficial owners; or (ii) provide the Claims Administrator with lists of the names, last known addresses and email addresses (to the extent known) of such beneficial owners.  Nominees or custodians who elect to send the Notice and Proof of Claim to their beneficial owners shall send a written certification to the Claims Administrator confirming that the mailing has been made as directed.  Additional copies of the Notice and Proof of Claim shall be made available to any nominee or custodian requesting same for the purpose of distribution to beneficial owners.  The Claims Administrator shall, if requested, reimburse nominees or custodians out of the Settlement Fund solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners, up to $0.70 per unit if the Nominee elects to undertake the mailing of the Notice and Proof of Claim or up to $0.10 per name if the Nominee provides the names and addresses to the Claims Administrator, which expenses would not have been incurred except for the sending of such notice, and subject to further order of this Court with respect to any dispute concerning such reimbursement.

14.     As soon as practicable after receiving lists of beneficial owners from nominees and custodians, the Claims Administrator shall mail, by First-Class Mail, postage pre-paid, the Notice and Proof of Claim to all Class Members whom the Claims Administrator identifies by reasonable efforts.

15.     Promptly upon receiving requests from Class Members, the Claims Administrator shall mail, by First-Class Mail, postage pre-paid, the Notice and Proof of Claim to such beneficial

owners who request it, or otherwise instruct Class Members as to how to receive the Notice electronically and how to submit a Proof of Claim and Release form.

16.     At least seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

17.     Class Members who wish to participate in the settlement shall complete and submit a Proof of Claim and Release in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proof of Claim and Release forms must be postmarked or submitted electronically no later than August 20, 2019.  Any Class Member who does not timely submit a Proof of Claim and Release within the time provided for, shall be barred from sharing in the distribution of the proceeds of the Settlement Fund, unless otherwise ordered by the Court. Notwithstanding the foregoing, Lead Counsel may, in its discretion, accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby.

18.     Class Members shall be bound by all determinations and judgments in this Litigation, whether favorable or unfavorable, unless they request exclusion from the Class in a timely and proper manner, as hereinafter provided.  A Class Member wishing to make such request shall mail, by First-Class Mail, a request for exclusion in written form such that it is received, not simply postmarked, on or before August 20, 2019 by the Claims Administrator at the address designated in the Notice.  Such request for exclusion must state the name, address and telephone number of the Person seeking exclusion, must state that the sender requests to be "excluded from the Class and does not wish to participate in the settlement in *Larkin v. GoPro, Inc., et al.*, Case No. 4:16-cv-06654-CW (SK) (N.D. Cal.)," and must be signed by such Person. Such Persons requesting exclusion are also directed to state the information requested in the Notice, including, but not limited to: the date(s), price(s), and amount(s) of GoPro stock that was purchased, sold, or disposed of during the period September 19, 2016 through November 8, 2016, inclusive.  The request for exclusion shall not be effective unless it provides the required

information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.  Class Members requesting exclusion from the Class shall not be bound by the Settlement and shall not be entitled to receive any payment out of the Net Settlement Fund as described in the Stipulation and Notice.

19.    Any Member of the Class may enter an appearance in the Litigation, at his, her or its own expense, individually or through counsel of their own choice.  If such Class Member does not enter an appearance, he, she or it will be represented by Lead Counsel.

20.    Any Member of the Class who has not timely and validly requested exclusion may appear at the Settlement Hearing and show cause why the proposed settlement of the Litigation should or should not be approved as fair, reasonable, and adequate, why a judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, why attorneys' fees and expenses should or should not be awarded to Lead Counsel, or why the expenses of Lead Plaintiff should or should not be awarded; provided, however, that no Class Member or any other Person shall be heard or entitled to contest such matters, unless that Person has submitted said objections, papers, and briefs to the Court either by mailing them to the Class Action Clerk, United States District Court for the Northern District of California, Oakland Division, Ronald V. Dellums Federal Building & United States Courthouse, 1301 Clay Street, Oakland, California 94612, or by filing them in person at any location of the United States District Court for the Northern District of California.  Such objections, papers, and briefs must be received or filed, not simply postmarked, on or before August 20, 2019.  Any Member of the Class who does not make his, her or its objection in the manner and time provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed settlement as set forth in the Stipulation, to the Plan of Allocation, or to the award of attorneys' fees and expenses to Lead Counsel or expenses of Lead Plaintiff, unless otherwise ordered by the Court.  Attendance at the Settlement Hearing is not necessary, however, persons wishing to be heard orally in opposition to approval of the settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and other

expenses are required to indicate in their written objection their intention to appear at the hearing. Persons who intend to object to the settlement, the Plan of Allocation, and/or the application for any award of attorneys' fees and other expenses and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and copies of any exhibits they intend to introduce into evidence at the Settlement Hearing. If an objector hires an attorney to represent him, her, or it for the purposes of making an objection, the attorney must file a notice of appearance with the Court and effect service on the parties to the Litigation on or before August 20, 2019.

21.   All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

22.   All opening briefs and documents in support of final approval of the settlement, the Plan of Allocation, and any application by Lead Counsel for attorneys' fees and expenses or by Lead Plaintiff for his expenses shall be filed and served by July 16, 2019.  Replies to any objections shall be filed and served by September 3, 2019.

23.   Neither Defendants, any other Released Defendant Parties nor Defendants' counsel shall have any responsibility for the Plan of Allocation or any application for attorneys' fees or expenses submitted by Lead Counsel or Lead Plaintiff, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the settlement.

24.   At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees or payment of expenses shall be approved.

25.   All reasonable expenses incurred in identifying and notifying Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation.  In the event the settlement is not approved by the Court, or otherwise fails to become effective, neither Lead Plaintiff nor Lead Counsel shall have any obligation to repay any amounts incurred and

1    properly disbursed pursuant to ¶¶2.10 or 2.12 of the Stipulation.

2         26.    Neither the Stipulation, nor any of its terms or provisions, nor any of the

3    negotiations or proceedings connected with it, shall be construed as an admission or concession

4    by Defendants of the truth of any of the allegations in the Litigation, or of any liability, fault, or

5    wrongdoing of any kind, and shall not be construed as or deemed to be evidence of or an

6    admission or concession that Lead Plaintiff or any Class Members have suffered any damages,

7    harm, or loss.

8         27.    The Court reserves the right to adjourn the date of the Settlement Hearing without

9    further notice to the Members of the Class, and retains jurisdiction to consider all further

10   applications arising out of or connected with the proposed settlement.  The Court may approve

11   the settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate,

12   without further notice to the Class.

13        28.    In the event that the settlement does not become Final in accordance with the

14   terms of the Stipulation or the Effective Date does not occur, the Stipulation, including any

15   amendment(s) thereof, except as expressly provided in the Stipulation, and this Preliminary

16   Approval Order shall be null and void, of no further force or effect, and without prejudice to any

17   Party, and may not be introduced as evidence or used in any actions or proceedings by any Person

18   or entity against the Parties, and the Parties shall be deemed to have reverted to their respective

19   litigation positions in the Litigation as of September 11, 2018.

20        29.    Pending final determination of whether the proposed settlement should be

21   approved, neither Lead Plaintiff nor any Class Member, directly or indirectly, representatively, or

22   in any other capacity, shall commence or prosecute against any of the Defendants, any action or

23   proceeding in any court or tribunal asserting any of the Released Claims.

24        30.    Pending further order of the Court, all litigation activity, except that contemplated

25   herein, in the Stipulation, in the Notice, in the Summary Notice, or in the Judgment, is hereby

26   stayed and all hearings, deadlines, and other proceedings in this Action, except the Settlement

27   Hearing and any deadlines set forth in this order, are hereby taken off calendar.

28

1       IT IS SO ORDERED.

2   Dated:   April 26, 2019

3

4                                    United States District Court Judge

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

LARKIN v. GOPRO, INC., ET AL.   ) No. 4:16-cv-06654-CW
                )

## <u>NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION</u>

**If you purchased GoPro, Inc. ("GoPro") common stock during the period from September 19, 2016, through November 8, 2016, inclusive (the "Class Period"), and were damaged thereby, then you may be entitled to a payment from a class action settlement.**

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

- This settlement notice (the "Notice") relates to a securities class action brought by investors who claim that the price of GoPro common stock was artificially inflated during the Class Period as a result of alleged false and/or misleading statements, in violation of the federal securities laws.

- On April 26, 2019, the Court preliminarily approved a settlement of this class action (the "Settlement"). This Settlement is with Defendants GoPro, Nicholas Woodman, Brian McGee, and Anthony Bates ("Defendants"). Defendants deny all allegations of misconduct. The two sides disagree on whether the investors could have won at trial, and if so, how much money they could have won.

- The Settlement will provide a $6.75 million Settlement Amount for the benefit of investors who purchased shares of GoPro common stock during the Class Period and were damaged thereby.[1]

- In accordance with the fee agreement between Lead Plaintiff and the attorneys who have been appointed to represent the class ("Lead Counsel"), Lead Counsel will ask the Court for up to 25% of the Settlement Fund and up to $250,000 in reimbursement for expenses incurred in prosecuting this lawsuit. Lead Counsel also intends to ask the Court to grant Lead Plaintiff an award not to exceed $10,000 in total, for his reasonable time and expenses. If approved by the Court, these amounts (totaling approximately $0.04 per share) will be paid from the Settlement Fund.

- The estimated average recovery, after deducting attorneys' fees and expenses, administrative costs,[2] and Lead Plaintiff's award (if approved by the Court), is $0.09 per share).

---

[1] All capitalized terms not otherwise defined in this document shall have the meaning provided in the Stipulation of Settlement dated February 14, 2019 (the "Stipulation").

[2] The estimated notice and claims administration costs for this Settlement, which shall be paid from the Settlement Fund, are $174,285.38. The cost is only an estimate, however, as the

- **Your legal rights are affected whether you act or do not act. Read this Notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM BY Cwi wuv'42, 2019** | The only way to get a payment. |
| **EXCLUDE YOURSELF BY Cwi wuv'42.'4019** | Get no payment. This is the only option that allows you to ever be part of any other lawsuit against GoPro and the other Released Defendant Parties (as defined below) about the Released Claims (as defined below). |
| **OBJECT BY Cwi wuv'42, 2019** | Write to the Court about why you do not like the Settlement, the proposed Plan of Allocation, Lead Counsel's application for an award of attorneys' fees and payment of expenses, and/or an award to Lead Plaintiff. |
| **GO TO A HEARING ON Ugr vgo dgt '32.'2019** | Ask to speak in Court about the Settlement at the Settlement Hearing. |
| **DO NOTHING** | Get no payment. Give up rights. |

- These rights and options - **and the deadlines to exercise them** - are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be made if the Court approves the Settlement and after appeals are resolved. Please be patient.

## SUMMARY OF THE NOTICE

### Statement of Plaintiff's Recovery

Lead Plaintiff has entered into a proposed Settlement with Defendants that, if approved by the Court, will resolve this Litigation in its entirety. Pursuant to the proposed Settlement, a Settlement Fund consisting of $6.75 million in cash ("Settlement Amount"), plus any accrued interest (the "Settlement Fund"), has been established. Based on Lead Plaintiff's consulting expert's analysis, it is estimated that if class members submit claims for 100% of GoPro's common stock entitled to participate in the Settlement, the estimated average recovery per share

administration has not fully commenced as of the date of this Notice. Based upon the estimate, the notice and administration costs per share would be approximately $0.004.

of common stock would be $0.14 per share before deduction of Court-approved fees and expenses, and approximately $0.09 per share after Court-approved fees and expenses are deducted.   As described more fully below in the Plan of Allocation beginning on page 14, an individual Class Member's actual recovery will depend on several factors, including: (a) the total number of claims submitted; (b) when the Class Member purchased GoPro common stock during the Class Period; and (c) whether and when the Class Member sold his, her, or its shares of GoPro common stock.

**Statement of Potential Outcome of the Case**

The Parties disagree about both liability and damages and do not agree on the damages that would be recoverable if Lead Plaintiff was to prevail on each claim asserted against Defendants.   The issues on which the Parties disagree include, for example: (a) whether the statements made or facts allegedly omitted were materially false or misleading, or otherwise actionable under the federal securities laws; (b) whether any allegedly false or misleading statements made by Defendants were made with the requisite level of intent or recklessness; (c) the amount by which the prices of GoPro's common stock were allegedly artificially inflated during the Class Period, if at all; (d) the appropriate economic models for measuring damages; (e) the extent to which external factors, such as general market, economic and industry conditions, or unusual levels of volatility, influenced the trading prices of GoPro common stock at various time during the Class Period; (f) the extent to which the various matters that Lead Plaintiff alleged were materially false and misleading influenced the trading prices of GoPro common stock during the Class Period, if at all; and (g) the extent to which the alleged omission of various allegedly adverse material facts influenced the trading prices of GoPro common stock during the Class Period, if at all.

Defendants expressly have denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Litigation.   Defendants believe that the evidence developed to date supports their position that they acted properly at all times and that the Litigation is without merit.   In addition, Defendants maintain that they have meritorious defenses to all claims alleged in the Litigation.   Nonetheless, Defendants have concluded that further conduct of the Litigation would be protracted and expensive.   Defendants also have taken into account the uncertainty and risks inherent in any litigation, especially in complex cases such as this Litigation.   Defendants have, therefore, determined that it is desirable and beneficial to them that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in the Stipulation.

**Statement of Attorneys' Fees and Expenses Sought**

Lead Counsel has not received any payment for their services rendered or expenses incurred in conducting this Litigation on behalf of Lead Plaintiff and the Class.   If the Settlement is approved by the Court, Lead Counsel will apply to the Court for attorneys' fees of up to 25% of the Settlement Fund and up to $250,000 in reimbursement for expenses incurred in prosecuting this lawsuit.   Lead Counsel also intends to ask the Court to grant Lead Plaintiff an award not to exceed $10,000 in total, for his reasonable time and expenses.   If approved by the

Court, these amounts (totaling approximately $0.04 per share) will be paid from the Settlement Fund.

**Identification of Attorneys' Representatives**

Lead Plaintiff and the Class are represented by Faruqi & Faruqi, LLP, Court-appointed Lead Counsel.  Any questions regarding the Settlement should be directed to Richard Gonnello, Faruqi & Faruqi, LLP, 685 Third Avenue, 26th Floor, New York, NY 10017, (212) 983-9330, rgonnello@faruqilaw.com.

**Reasons for the Settlement**

For Lead Plaintiff, the principal reason for the Settlement is the immediate benefit of a substantial cash recovery to the Class. This benefit must be compared to the uncertainty of being able to prove the allegations in the operative complaint; the uncertainty of having a class of GoPro investors certified; the risk that the Court may grant, in whole or in part, some or all of the anticipated motions for summary judgment to be filed by Defendants; the uncertainty inherent in the parties' various and competing theories of loss causation and damages; the attendant risks of litigation, especially in complex actions such as this, as well as the difficulties and delays inherent in such litigation (including any appeals).

For Defendants, who deny all allegations of wrongdoing or liability whatsoever and deny that any Class Members were damaged, the principal reasons for entering into the Settlement are to bring to an end the substantial burden, expense, uncertainty, and risk of further litigation.

## BASIC INFORMATION

| 1. Why did I get this Notice? |
|---|

The Court caused this Notice to be sent to people who may have purchased GoPro common stock during the period from September 19, 2016 through November 8, 2016 ("Class Period"), both dates inclusive.  The Court caused this Notice to be sent out because, if you purchased GoPro common stock during that period, you have a right to know about the proposed Settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the Settlement.

The purpose of this Notice is to provide you with a Proof of Claim and Release form and information regarding the deadline to submit that form if you wish to receive a payment from the Settlement.

This Notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the Northern District of California, and the case is known as *Larkin v. GoPro, Inc., et al.*, Case No. 4:16-cv-06654-CW (N.D. Cal.).

| 2. | What is a class action? |
|---|---|

In a class action, one or more plaintiffs, called lead plaintiffs or class representatives, sue on behalf of people who have similar claims.  The individuals and entities on whose behalf the class representative is suing are known as class members.  One court resolves the issues in the case for all class members, except for those who choose to exclude themselves from the class if exclusion is permitted by applicable rules of procedure.

| 3. | What is this lawsuit about? |
|---|---|

This lawsuit (the "Action" or the "Litigation") is a class action alleging violations of the federal securities laws by Defendants GoPro and GoPro's Chief Executive Officer Nicholas Woodman, former President Anthony Bates, and Chief Financial Officer Brian McGee.  Mr. Woodman, Mr. Bates, and Mr. McGee are referred to as the "Individual Defendants."  The Court has appointed Troy Larkin ("Lead Plaintiff") to serve as Lead Plaintiff in the Action and has appointed the law firm of Faruqi & Faruqi, LLP to serve as Lead Counsel on behalf of the Class.

GoPro develops mountable and wearable cameras, drones, and accessories.  This Action claims that Defendants misled investors by making materially false and/or misleading statements and omissions about GoPro's anticipated revenue, its HERO5 line of cameras, and its Karma drone.  The Action seeks money damages against Defendants for violations of the federal securities laws.  Defendants deny any wrongdoing whatsoever.

The first complaint was filed in this Action in November 2016 against GoPro and Nicholas Woodman.  Lead Plaintiff thereafter filed an Amended Complaint on March 14, 2017, adding Anthony Bates and Brian McGee as defendants.  The Amended Complaint asserted claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 pertaining to several alleged misrepresentations and omissions allegedly made by Defendants during the time period from September 19, 2016, through November 8, 2016, inclusive.

On April 13, 2017, Defendants moved to dismiss the Amended Complaint. On July 26, 2017, the Court denied Defendants' motion and ordered the Lead Plaintiff to file a second amended complaint changing the caption to reflect the newly added defendants.  Lead Plaintiff did so, filing the Second Amended Complaint (the "SAC") to reflect the revised caption on August 4, 2017.  The SAC is the operative complaint in this Action.

On September 8, 2017, Defendants filed an answer to the SAC.

Shortly thereafter, the parties proceeded to exchange discovery.  Lead Plaintiff filed a motion to certify the Class on June 11, 2018.  Thereafter, the parties agreed to mediate and filed a stipulation with the Court seeking to temporarily stay the proceedings, with the exception of Lead Plaintiff's deposition and Defendants' opposition to the class certification motion.  The court approved the stay on July 12, 2018 and thereafter terminated the class certification motion, obviating the need for Defendants to file their opposition.  Defendants took Lead Plaintiff's deposition shortly thereafter.

On September 11, 2018, the parties engaged in an in-person mediation before Robert Meyer, Esq. in San Francisco.  In the weeks following the session, the parties continued to negotiate with Mr. Meyer's assistance and reached a settlement in principle.  The parties then worked together to reduce to writing the full and complete terms of the settlement of the Action, which is set forth in the Stipulation dated as of February 14, 2019.

| **4.** | **How and when was the Settlement reached?** |
|---|---|

Lead Plaintiff reached an agreement-in-principle with Defendants regarding the Settlement in October 2018.  Thereafter, Lead Plaintiff and Defendants executed the Stipulation to formalize their agreement.

The Settlement was reached after arm's-length negotiations between Lead Counsel and counsel for Defendants, and only after: (a) Lead Counsel conducted a lengthy investigation into the facts alleged in the Action; (b) Lead Counsel drafted the Amended Complaint and the SAC; (c) Lead Counsel briefed a motion to dismiss and received a Court order denying the motion; (d) Lead Counsel reviewed thousands of pages of documents produced by Defendants; (e) Lead Plaintiff produced over a thousand pages of documents to Defendants; (f) Lead Counsel researched the applicable law with respect to the Class's claims against Defendants and the potential defenses thereto; (g) Lead Counsel filed a motion for class certification; (h) Lead Counsel consulted with experts regarding the facts of the case; (i) Lead Plaintiff sat for a deposition; and (j) the parties conducted a mediation and engaged in settlement negotiations.

## WHO IS IN THE SETTLEMENT

To see if you will get money from this Settlement, you first have to determine if you are a Class Member.

| **5.** | **How do I know if I am part of the Settlement?** |
|---|---|

Subject to certain exceptions identified below, everyone who fits this description is a Class Member: *all persons and entities that purchased shares of GoPro common stock during the period from September 19, 2016, through November 8, 2016, inclusive, and were damaged thereby.*

| **6.** | **Are there exceptions to being included?** |
|---|---|

Yes.  There are some individuals and entities that are excluded from the Class by definition.  Excluded from the Class are: (i) the Defendants; (ii) members of the immediate families of any Individual Defendant; (iii) any firm, trust, partnership, corporation, or entity in which a Defendant or an immediate family member of any Individual Defendant has a controlling interest; (iv) the directors and officers of GoPro at all relevant times; and (v) the legal representatives, heirs, successors-in-interest or assigns of such excluded persons.  Also excluded

from the Class will be any persons or entities who timely and validly seek exclusion from the Class in accordance with the requirements explained in question 11 below.

| 7. | What if I am still not sure if I am included? |
| --- | --- |

If you are still not sure whether you are included, you can ask for free help by calling 1-888-595-6496 or visiting www.GoProSecuritiesLitigation.. You can also fill out and return the Proof of Claim and Release form described on page 8, in question 9, to see if you qualify.

### THE SETTLEMENT BENEFITS — WHAT YOU GET

| 8. | What does the Settlement provide? |
| --- | --- |

In exchange for the Settlement and release of the Released Claims against the Released Defendant Parties, Defendants have agreed to create a $6.75 million fund.  After deductions for Court-awarded attorneys' fees, interest, and expenses, settlement administration costs, and any applicable Taxes, the balance of the fund (the "Net Settlement Fund") will be distributed *pro rata* pursuant to the "Plan of Allocation" among all Class Members who send in valid Proof of Claim and Release forms.

The Plan of Allocation, which is subject to Court approval, is discussed in more detail on pages 14-19 of this Notice.

| 9. | How can I get a payment? When would I get my payment? |
| --- | --- |

To qualify for a payment, you must submit a timely and valid Proof of Claim and Release form with supporting documents.  A Proof of Claim and Release form is being circulated with this Notice.  You may also get a Proof of Claim and Release form on the Internet at *www.GoProSecuritiesLitigation.com*.  Read the instructions carefully, fill out the Proof of Claim and Release form, include all the documents the form asks for, sign it, and either mail it to the Claims Administrator by U.S. First-Class Mail or submit it through email at info@GoProSecuritiesLitigation.com, such that your claim is postmarked (or received if sent via email) no later than August 20, **2019**.

If you are a broker or nominee and elect to file claims electronically on behalf of multiple clients, please visit the "Nominees" section of the case website at www.GoProSecuritiesLitigation.com for additional information on how to upload your master Proof of Claim and Release form and completed spreadsheet (such that they are received no later than August 20, 2019).

If you are not a broker or nominee, but have large numbers of transactions, you may request, or may be requested to, submit information regarding your transactions in electronic files.  If you wish to submit your transaction data electronically, you must contact the Claims Administrator at 1-888-595-6496 or visit their website at www.GoProSecuritiesLitigation.com to

obtain the required file layout.  You must still timely submit a signed Proof of Claim and Release form by mail or through email as specified above.

No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgement of receipt and acceptance of electronically submitted data.  All claimants MUST timely submit a signed Proof of Claim and Release to be potentially eligible for a payment from this settlement.

The Court will hold a Settlement Hearing on September 10, **2019**, to decide whether to approve the Settlement.  If the Court approves the Settlement, there may be appeals after that.  It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year.  It also takes time for all the Proof of Claim and Release forms to be processed.  Please be patient.

| 10. | What am I giving up to get a payment or stay in the Class? |
|-----|------------------------------------------------------------|

Unless you exclude yourself, you are staying in the Class, and that means that, upon the "Effective Date," you will release all "Released Claims" (as defined below) against the "Released Defendant Parties" (as defined below).

"Released Claims" means any and all claims and causes of action of every nature and description whatsoever, whether known or unknown, whether arising under federal, state, common or foreign law, and/or whether class or individual in nature, that Lead Plaintiff or any other Member of the Class asserted in the Litigation or could have asserted in any forum that arise out of, are based upon, or relate in any way to (a) the allegations, acts, transactions, facts, events, matters, occurrences, misrepresentations or omissions involved, set forth, alleged or referred to, in this Litigation, or which could have been alleged in this Litigation, and (b) the purchase, acquisition, sale or disposition of GoPro common stock during the Class Period.  "Released Claims" includes "Unknown Claims" as defined below.  For the avoidance of doubt, "Released Claims" does not, however, include claims to enforce the Settlement.

"Released Defendant Parties" means each and all of the Defendants, and each of a Defendant's respective present and former parents, subsidiaries, divisions, joint ventures, affiliates, and each of their and Defendants' respective present and former employees, members, partners, principals, agents, officers, directors, controlling shareholders, attorneys, advisors, accountants, auditors, financial or investment advisors or consultants, banks or investment bankers, personal or legal representatives, insurers, co-insurers, reinsurers, related or affiliated entities, predecessors, successors, spouses, estates, heirs, executors, trusts, trustees, administrators, agents, representatives, and assigns, in their capacity as such, any entity in which a Defendant has a controlling interest, any member of an Individual Defendant's immediate family, and any trust in which any Individual Defendant is the settlor or which is for the benefit of any Defendant and/or member(s) of his family.

"Unknown Claims" means any Released Claims which Lead Plaintiff or Class Members do not know or suspect to exist in his, her, their, or its favor at the time of the release of the Released Defendant Parties, and any Released Defendants' Claims that any Defendant does not

know or suspect to exist in his, her or its favor at the time of the release of the Released Plaintiff Parties, which, if known by him, her, them, or it, might have affected his, her, their, or its decision(s) with respect to the Settlement, including the decision to object to the terms of the Settlement or to exclude himself, herself, or itself from the Class.  With respect to any and all Released Claims and Released Defendants' Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Lead Plaintiff and Defendants shall expressly waive, and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights, and benefits of California Civil Code §1542 and any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Lead Plaintiff, other Class Members, or Defendants may hereafter discover facts in addition to or different from those which he, she, they, or it now knows or believes to be true with respect to the subject matter of the Released Claims and the Released Defendants' Claims, but Lead Plaintiff and Defendants shall expressly settle and release and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims and Released Defendants' Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, disclosed or undisclosed, matured or unmatured, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  Lead Plaintiff and Defendants acknowledge, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waivers, and the inclusion of "Unknown Claims" in the definition of Released Claims and Released Defendants' Claims, were separately bargained for and material elements of the Settlement.

If you remain a member of the Class, all of the Court's orders will apply to you and legally bind you.  You will be bound by the releases whether or not you submit a Proof of Claim and Release form and/or receive a payment under the Settlement.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from this Settlement, but you want to keep any right you may have to sue or continue to sue the Defendants and the other Released Defendant Parties, on your own, about the Released Claims, then you must take steps to get out.  This is called excluding yourself — or is sometimes referred to as "opting out" of the Class.

| **11.    How do I get out of the proposed Settlement?** |
| --- |

To exclude yourself from the Class, you must send a signed letter by mail stating that you request to be "excluded from the Class and do not wish to participate in the settlement in *Larkin v. GoPro, Inc., et al.*, Case No. 4:16-CV-06654-CW (SK) (N.D. Cal.)." Your letter should state the date(s), price(s), and number(s) of shares of all your purchases, sales and other dispositions of GoPro common stock during the Class Period. In addition, be sure to include your name, address, telephone number, and your signature. You must mail your exclusion request such that it is received, not simply postmarked, no later than **August 20, 2019** to:

GoPro Securities Litigation Exclusions
c/o Claims Administrator
P.O. Box 4259
Portland, Oregon 97208-4259

You cannot exclude yourself by telephone or by e-mail. If you ask to be excluded, you will not get any payment from the Settlement, and you cannot object to the Settlement. You will not be legally bound by anything that happens in this lawsuit, and you may be able to sue (or continue to sue) the Defendants and the other Released Defendant Parties in the future.

| **12.    If I do not exclude myself, can I sue the Defendants and the other Released Defendant Parties for the same thing later?** |
| --- |

No. Unless you exclude yourself, you give up any rights to sue the Defendants and the other Released Defendant Parties for any and all Released Claims. If you have a pending lawsuit speak to your lawyer in that case immediately. You must exclude yourself from *this* Class to continue your own lawsuit. Remember, the exclusion deadline is August 20**, 2019**.

| **13.    If I exclude myself, can I get money from the proposed Settlement?** |
| --- |

No. If you exclude yourself, you will not get  money from the proposed Settlement.

**THE LAWYERS REPRESENTING THE CLASS**

| **14.    Do I have a lawyer in this case? How will the lawyers be paid?** |
| --- |

The Court has appointed the law firm of Faruqi & Faruqi, LLP as Lead Counsel to represent Lead Plaintiff and all other Class Members in the Action.

You will not be separately charged for the fees or expenses of Lead Counsel appointed by the Court. The Court will determine the amount of Lead Counsel's fees and expenses, which will be paid from the Settlement Fund. *See also* Notice at 3-4 ("Statement of Attorneys' Fees and Expenses Sought"). If you want to be represented by your own lawyer, you may hire one at your own expense.

## OBJECTING TO THE SETTLEMENT

If you are a Class Member, you can tell the Court that you do not agree with the Settlement or some part of it. You can ask the Court to deny approval by filing an objection. You can't ask the Court to order a different settlement; the Court can only approve or reject the Settlement.  If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue.  If this is what you want to happen, you must object.

| | |
|---|---|
| **15.** | **How do I tell the Court that I do not like the proposed Settlement?** |

If you are a Class Member you can object to the Settlement or any part of it, including but not limited to, the Plan of Allocation, Lead Counsel's application for attorneys' fees and expenses, or Lead Plaintiff's time and expense request, and give reasons why you think the Court should not approve it.

Any objection must be in writing.  If you file a timely written objection, you may, but are not required to, appear at the Settlement Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney. All written objections and supporting papers must clearly identify:

- The case name and number (*Larkin v. GoPro, Inc., et al.*, Case No. 4:16-CV-06654-CW);

- Your full name, address, telephone number, and signature;

- Information sufficient to prove membership in the Class, including the number of shares of GoPro common stock purchased or sold during the Class Period;

- All grounds for the objection, accompanied by any legal support known to you or your counsel;

- The identity of all counsel who represent you, if any;

- A statement confirming whether you or any counsel representing you intend to personally appear and/or testify at the Settlement Hearing; and

- A list of any persons who may be called to testify and copies of any exhibits you intend to introduce into evidence at the Settlement Hearing in support of your objection.

Your objection and any supporting papers must be submitted to the Court either by mailing them to the Class Action Clerk, United States District Court for the Northern District of California, Ronald V. Dellums Federal Building & United States Courthouse, 1301 Clay Street, Oakland, CA 94612, or by filing them in person at any location of the United States District Court for the Northern District of California.  Your objection must be received on or before August 20, **2019**.

.

| 16. | What is the difference between objecting and seeking exclusion? |
|---|---|

Objecting is simply telling the Court that you do not like something about the proposed Settlement. You can object only if you stay in the Class.  Excluding yourself is telling the Court that you do not want to be part of the Class.  If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S SETTLEMENT HEARING

| 17. | When and where will the Court decide whether to approve the proposed settlement? |
|---|---|

The Court will hold a Settlement Hearing at 2:30 **p.m.** on the 10th **day of September, 2019**, at the United States District Court for the Northern District of California, Ronald V. Dellums Federal Building & United States Courthouse, 1301 Clay Street, Courtroom 6 – 2nd Floor, Oakland, CA 94612.  At this hearing the Court will consider whether the Settlement is fair, reasonable and adequate. The Court also will consider the proposed Plan of Allocation for the proceeds of the Settlement, the application of Lead Counsel for attorneys' fees and payment of expenses, and the application for an award to Lead Plaintiff. The Court will take into consideration any written objections filed in accordance with the instructions in question 15. The Court also may listen to people who have properly indicated, within the deadline identified above, an intention to speak at the hearing; but decisions regarding the conduct of the hearing will be made by the Court. *See* question 19 for more information about speaking at the hearing. After the hearing, the Court will decide whether to approve the Settlement, the proposed Plan of Allocation, and the other applications.  We do not know how long these decisions will take.

You should be aware that the Court may change the date and time of the Settlement Hearing without further notice to the Class. Thus, if you want to come to the hearing, you should check with Lead Counsel before coming to be sure that the date and/or time has not changed.

| 18. | Do I have to come to the Settlement Hearing? |
|---|---|

No. Lead Counsel will answer questions the Court may have.  But, you are welcome to come at your own expense.  If you send an objection, you do not have to come to Court to talk about it.  As long as you filed your written objection on time, the Court will consider it.  You may also pay your own lawyer to attend, but it is not necessary.  Class Members do not need to appear at the hearing or take any other action to indicate their approval.

| 19. | May I speak at the Settlement Hearing? |
|---|---|

If you object to the Settlement, you may ask the Court for permission to speak at the Settlement Hearing.  To do so, you must include with your objection (*see* question 15 above) a statement stating that it is your "Notice of Intention to Appear in *Larkin v. GoPro, Inc., et al.*, Case No. 4:16-CV-06654-CW (N.D. Cal.)."  Persons who intend to object to the Settlement, the

Plan of Allocation, Lead Counsel's application for an award of attorneys' fees and expenses, and/or the application for an award to Lead Plaintiff and who desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing. Unless otherwise ordered by the Court, you cannot speak at the hearing if you excluded yourself from the Class or if you have not provided written notice of your intention to speak at the Settlement Hearing by the deadline identified, and in accordance with the procedures described in questions 15 and 17 above.

## IF YOU DO NOTHING

| 20. | What happens if I do nothing at all? |
|-----|--------------------------------------|

If you do nothing, you will get no money from the Settlement and you will be precluded from starting a lawsuit, continuing with a lawsuit, or being part of any other lawsuit against Defendants and the other Released Defendant Parties about the Released Claims in this case, ever again. To share in the Net Settlement Fund you must submit a Proof of Claim and Release form (*see* question 9). To start, continue or be a part of any other lawsuit against the Defendants and the other Released Defendant Parties about the Released Claims in this case you must exclude yourself from this Class (*see* question 11).

## GETTING MORE INFORMATION

| 21. | Are there more details about the proposed Settlement? |
|-----|-------------------------------------------------------|

This Notice summarizes the proposed Settlement. For the precise terms and conditions of the Settlement, please see the Stipulation available at www.GoProSecuritiesLitigation.com, by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by vising the office of the Clerk of the United States District Court for the Northern District of California, Ronald V. Dellums Federal Building & United States Courthouse, 1301 Clay Street, Oakland, CA 94612, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.

You can also get a copy of the Stipulation, and other documents related to the Settlement, as well as additional information about the Settlement by visiting the website dedicated to the Settlement, ***www.GoProSecuritiesLitigation.com***, where you will find answers to common questions about the Settlement, a Proof of Claim and Release form, plus other information to help you determine whether you are a Class Member and whether you are eligible for a payment. You also can call the Claims Administrator at 1-888-595-6496 toll free; write to *GoPro Securities Litigation*, c/o Claims Administrator., P.O. Box 4259, Portland, OR 97208-4259; or visit the website of Lead Counsel at ***www.faruqilaw.com***.

## PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG
## CLASS MEMBERS

The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Authorized Claimants based on their respective alleged economic losses as a result of the alleged fraud, as opposed to losses caused by market- or industry-wide factors, or Company-specific factors unrelated to the alleged fraud. The Claims Administrator shall determine each Authorized Claimant's share of the Net Settlement Fund based upon the recognized loss formula described below (the "Recognized Loss"). A Recognized Loss will be calculated for each share of GoPro common stock ("GoPro Stock") purchased during the period September 19, 2016 through November 8, 2016, inclusive (the "Class Period").[3] The calculation of Recognized Loss will depend upon several factors, including when the stock was purchased during the Class Period, and at what price, and when such stock was sold. The Recognized Loss is not intended to estimate the amount a Class Member might have been able to recover after a trial, nor to estimate the amount that will be paid to Authorized Claimants pursuant to the Settlement. The Recognized Loss is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants. You can calculate your Recognized Loss in accordance with the formula shown below. It is unlikely that you will get a payment for all of your Recognized Loss. The Claims Administrator will use its best efforts to administer and distribute the Net Settlement Fund to the extent that it is equitably and economically feasible.

The Plan of Allocation was created with the assistance of a consulting damages expert, and reflects the assumption that the price of GoPro Stock was artificially inflated throughout the Class Period. The estimated alleged artificial inflation in the price of GoPro Stock is reflected in Table 1 below. The computation of the estimated alleged artificial inflation in the price of GoPro Stock during the Class Period is based on certain misrepresentations alleged by Lead Plaintiff and the stock price reactions to public announcements that allegedly corrected the misrepresentations alleged by Lead Plaintiff, net of market- and industry-wide factors, and Company-specific factors unrelated to the alleged fraud.

Federal securities laws allow investors to recover for losses caused by disclosures which purportedly corrected Defendants' previous alleged misleading statements or omissions. Thus, in order to have been damaged by the alleged violations of the federal securities laws, GoPro Stock purchased during the Class Period must have been held during a period of time in which its price declined due to the disclosure of information which purportedly corrected an allegedly false and/or misleading statement or omission. Lead Plaintiff has alleged that such price declines occurred on the following dates: October 24, 2016; November 4, 2016; November 9, 2016; and February 3, 2017 (the "Corrective Disclosure Dates"). Accordingly, if GoPro Stock was sold before October 24, 2016 (the earliest Corrective Disclosure Date), the Recognized Loss for such stock is $0.00, and any loss suffered is not compensable under the federal securities laws. Likewise, if GoPro Stock was both purchased and sold between two consecutive Corrective Disclosures Dates, the Recognized Loss for such stock is $0.00.

---

[3]   During the Class Period, GoPro Stock was listed on the NASDAQ Global Select Market under the ticker symbol "GPRO."

| Table 1 Asserted Artificial Inflation in GoPro Stock[4] | | |
|---|---|---|
| **From** | **To** | **Asserted Per-Share Price Inflation** |
| September 19, 2016 | October 23, 2016 | $4.09 |
| October 24, 2016 | November 3, 2016 | $2.86 |
| November 4, 2016 | November 8, 2016 | $2.21 |
| November 9, 2016 | February 2, 2017 | $1.54 |
| February 3, 2017 | Thereafter | $0.00 |

The "90-day look back" provision of the Private Securities Litigation Reform Act of 1995 ("PSLRA") is incorporated into the calculation of the Recognized Loss for GoPro Stock. The limitations on the calculation of the Recognized Loss imposed by the PSLRA are applied such that losses on GoPro Stock purchased during the Class Period and held as of the close of the 90-day period subsequent to the Class Period (the "90-Day Lookback Period") cannot exceed the difference between the purchase price paid for such stock and the average price of GoPro Stock during the 90-Day Lookback Period. The Recognized Loss on GoPro Stock purchased during the Class Period and sold during the 90-Day Lookback Period cannot exceed the difference between the purchase price paid for such stock and the rolling average price of GoPro Stock during the portion of the 90-Day Lookback Period elapsed as of the date of sale (the "90-Day Lookback Value").

In the calculations below, all purchase and sale prices shall exclude any fees, taxes and commissions. If a Recognized Loss amount is calculated to be a negative number, that Recognized Loss shall be set to zero.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

For each share of GoPro Stock purchased during the Class Period (*i.e.*, September 19, 2016 through November 8, 2016, inclusive), the Recognized Loss per share shall be calculated as follows:

i.  For each share of GoPro Stock sold before October 24, 2016, the Recognized Loss per share shall be $0.

ii.  For each share of GoPro Stock purchased during the Class Period that was subsequently sold during the period October 24, 2016 through November 8, 2016, inclusive, the Recognized Loss per share shall be calculated as the amount of per-share price inflation on the date of purchase as appears in Table 1 above, *minus* the amount of per-share price inflation on the date of sale or disposition as appears in Table 1 above.

---

[4]  Any transactions in GoPro Stock executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

iii.     For each share of GoPro Stock that was purchased during the Class Period that was subsequently sold during the period November 9, 2016 through February 6, 2017, inclusive (*i.e.*, sold during the 90-Day Lookback Period), the Recognized Loss per share is *the lesser of*:

   a.     the amount of per-share price inflation on the date of purchase as appears in Table 1 above, *minus* the amount of per-share price inflation on the date of sale or disposition as appears in Table 1 above; or

   b.     the per-share purchase price *minus* the "90-Day Lookback Value" on the date of sale provided in Table 2 below.

iv.     For each share of GoPro Stock that was purchased during the Class Period and still held as of the close of the U.S. financial markets on February 6, 2017, the Recognized Loss per share is *the lesser of*:

   a.     the amount of per-share price inflation on the date of purchase as appears in Table 1 above; or

   b.     the per-share purchase price *minus* the average closing price for GoPro Stock during the 90-Day Lookback Period, which is $9.54.

| Table 2 | | | | | |
|---|---|---|---|---|---|
| **Sale / Disposition Date** | **90-Day Lookback Value** | **Sale / Disposition Date** | **90-Day Lookback Value** | **Sale / Disposition Date** | **90-Day Lookback Value** |
| 11/9/2016 | $10.41 | 12/8/2016 | $9.90 | 1/9/2017 | $9.44 |
| 11/10/2016 | $10.31 | 12/9/2016 | $9.87 | 1/10/2017 | $9.43 |
| 11/11/2016 | $10.30 | 12/12/2016 | $9.82 | 1/11/2017 | $9.42 |
| 11/14/2016 | $10.31 | 12/13/2016 | $9.78 | 1/12/2017 | $9.42 |
| 11/15/2016 | $10.28 | 12/14/2016 | $9.74 | 1/13/2017 | $9.41 |
| 11/16/2016 | $10.22 | 12/15/2016 | $9.70 | 1/17/2017 | $9.41 |
| 11/17/2016 | $10.18 | 12/16/2016 | $9.67 | 1/18/2017 | $9.41 |
| 11/18/2016 | $10.16 | 12/19/2016 | $9.65 | 1/19/2017 | $9.40 |
| 11/21/2016 | $10.13 | 12/20/2016 | $9.62 | 1/20/2017 | $9.41 |
| 11/22/2016 | $10.10 | 12/21/2016 | $9.60 | 1/23/2017 | $9.41 |
| 11/23/2016 | $10.08 | 12/22/2016 | $9.58 | 1/24/2017 | $9.42 |
| 11/25/2016 | $10.06 | 12/23/2016 | $9.57 | 1/25/2017 | $9.43 |
| 11/28/2016 | $10.04 | 12/27/2016 | $9.55 | 1/26/2017 | $9.44 |
| 11/29/2016 | $10.03 | 12/28/2016 | $9.53 | 1/27/2017 | $9.45 |
| 11/30/2016 | $10.03 | 12/29/2016 | $9.51 | 1/30/2017 | $9.48 |
| 12/1/2016 | $10.01 | 12/30/2016 | $9.49 | 1/31/2017 | $9.50 |
| 12/2/2016 | $9.99 | 1/3/2017 | $9.47 | 2/1/2017 | $9.52 |
| 12/5/2016 | $9.98 | 1/4/2017 | $9.46 | 2/2/2017 | $9.54 |
| 12/6/2016 | $9.96 | 1/5/2017 | $9.46 | 2/3/2017 | $9.55 |
| 12/7/2016 | $9.93 | 1/6/2017 | $9.45 | 2/6/2017 | $9.54 |

## ADDITIONAL PROVISIONS

The payment you receive will reflect your proportionate share of the Net Settlement Fund. Such payment will depend on the number of eligible shares of GoPro Stock that participate in the Settlement, and when those shares were purchased and sold. The number of claimants who send in claims varies widely from case to case.

A purchase or sale of GoPro Stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.

The first-in-first-out ("FIFO") method will be applied to purchases and sales. Sales will be matched in chronological order, by trade date, first against shares held immediately prior to the start of the Class Period and then against the purchases of shares during the Class Period. Although sales matched to purchases made during the 90-Day Lookback Period (after the close of trading on November 8, 2016 through and including the close of trading on February 6, 2017) are excluded from the calculation of a Recognized Loss, information about transactions in GoPro common stock made during the 90-Day Lookback Period are needed in order to balance your claim.[5]

The date of purchase covering a "short sale" is deemed to be the date of purchase of shares. The date of a "short sale" is deemed to be the date of sale of shares. In accordance with the Plan of Allocation, however, the Recognized Loss on "short sales" is zero. In the event that a claimant has an opening short position in GoPro Stock, the earliest Class Period purchases shall be matched against such opening short position and not be entitled to a recovery until that short position is fully covered.

Payment according to the Plan of Allocation will be deemed conclusive against all Authorized Claimants. A Recognized Loss will be calculated as defined herein and cannot be less than zero. The Claims Administrator shall allocate to each Authorized Claimant a pro rata share of the Net Settlement Fund based on his, her, or its Recognized Loss as compared to the total Recognized Losses of all Authorized Claimants (see the Plan of Allocation for additional details). Should any Authorized Claimant's pro rata share of the Net Settlement Fund amount to

---

[5]     Without knowing whether a potential Class Member purchased shares during the 90 Day Period, the Claims Administrator may have to conduct additional outreach to certain Class Members. For example, if a potential Class Member reports that he, she, or it sold more shares during the 90 Day period than that Class Member purchased during the Class Period, it may be unclear when the shares that were ultimately sold were purchased. The Claims Administrator cannot just assume that those unmatched shares were purchased during the 90 Day Period, as it could be that the potential Class Member failed to include his, her, or its opening balance or failed to include all GoPro common stock purchases during the Class Period. As a result, the Claims Administrator will have to categorize the claim as deficient and seek additional information from that potential Class Member to explain the discrepancy. This additional follow up could increase the costs of administration and could lead to delays in distributing the Net Settlement Fund.

less than $10.00, that amount will be reallocated on a pro rata basis to each Authorized Claimant who will receive $10.00 or more before any portion of the Net Settlement Fund is distributed.

No distribution will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

Class members who do not submit acceptable Proofs of Claim will not share in the Settlement proceeds.  The Settlement and the Final Judgment dismissing this Action will nevertheless bind Class members who do not submit a request for exclusion and/or do not submit an acceptable Proof of Claim and Release form.

Please contact the Claims Administrator or Lead Counsel if you disagree with any determinations made by the Claims Administrator regarding your Proof of Claim and Release form.  If you are dissatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Class members and the claims-administration process, to decide the issue by submitting a written request.

Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement.  If there is any balance remaining in the Net Settlement Fund after a reasonable period of time following the initial distribution of the Net Settlement Fund, Lead Counsel shall, if feasible, reallocate (which reallocation may occur on multiple occasions) such balance among Authorized Claimants in an equitable and economic fashion.  Thereafter, any balance below $5,000 which remains in the Net Settlement Fund, shall be donated to Investor Protection Trust, a nationwide non-profit organization dedicated to providing investor education and advocacy.

Payment pursuant to the Plan of Allocation or such other plan as may be approved by the Court shall be conclusive against all Authorized Claimants. No person shall have any claim against Lead Plaintiff, Lead Counsel, their damages expert, Claims Administrator, or other agent designated by Lead Counsel, arising from determinations or distributions to Claimants made substantially in accordance with the Stipulation, the Plan of Allocation approved by the Court, or further orders of the Court. Lead Plaintiff, Defendants, their respective counsel, and all other Released Plaintiff Parties and Released Defendant Parties shall have no responsibility for or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the Plan of Allocation or the determination, administration, calculation, or payment of any Proof of Claim and Release form or non-performance of the Claims Administrator, the payment or withholding of taxes owed by the Settlement Fund or any losses incurred in connection therewith.

## SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

If you purchased shares of GoPro common stock during the period from September 19, 2016 through November 8, 2016, inclusive, for the beneficial interest of a person or organization other than yourself, the Court has directed that, WITHIN TEN (10) CALENDAR DAYS OF YOUR RECEIPT OF THIS NOTICE, you either: (a) provide to the Claims Administrator the name and last known address of each person or organization for whom or which you purchased GoPro common stock during such time period; or (b) request additional copies of this Notice and

18

the Proof of Claim and Release form and within ten (10) calendar days after receipt thereof mail the Notice and Proof of Claim and Release form directly to the beneficial owners of that GoPro common stock.  If you choose to follow alternative procedure (b), the Court has directed that, upon such mailing, you send a statement to the Claims Administrator confirming that the mailing was made as directed. You are entitled to reimbursement from the Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, including reimbursement of postage expense and the cost of ascertaining the names and addresses of beneficial owners. Those expenses will be paid upon request and submission of appropriate supporting documentation. All communications concerning the foregoing should be addressed to the Claims Administrator:

*GoPro Securities Litigation*
c/o Claims Administrator
P.O. Box 4259
Portland, OR 97208-4259
(888) 595–6496


Dated:          Oakland, CA
                _____


                                    By Order of the Court
                                    CLERK OF THE COURT

GoPro Securities Litigation
c/o Claims Administrator
P.O. Box 4259
Portland, OR 97208-4259

Website:  www.GoProSecuritiesLitigation.com
Email:    questions@GoProSecuritiesLitigation.com
Phone:    1-888-595-6496

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
*LARKIN V. GOPRO, INC.. ET AL.*
No. 4:16-CV-06654-CW

**<u>PROOF OF CLAIM AND RELEASE</u>**

Must be Postmarked No Later Than: August 20, 2019

## PART I.        CLAIMANT IDENTIFICATION

Beneficial Owner's First Name                                           MI          Beneficial Owner's Last Name

Joint Beneficial Owner's First Name                                MI          Joint Beneficial Owner's Last Name

Entity Name (if claimant is not an individual)

Representative or Custodian Name (if different from Beneficial Owner(s) listed above)

Address 1 (street name and number)

Address 2 (apartment, unit, or box number)

City                                                                                                 State/Province        ZIP/Postal Code

Country

Last Four Digits of Social Security Number or Taxpayer Identification Number

Telephone Number

Email Address

Account Number

Specify one of the following:

☐ Individual                                    ☐ IRA

☐ Corporation/Other                      ☐ Trust

**PART II:          SCHEDULE OF TRANSACTIONS IN GOPRO COMMON STOCK**

A.      Number of shares of GoPro common stock held at the close of trading on September 18, 2016:

|  |  |  |  |  |  |
|--|--|--|--|--|--|

B.      Purchases of GoPro common stock during the period September 19, 2016 – November 8, 2016, inclusive *(must be documented)*:[1]

| Trade Date (list chronologically) (MMDDYY) | Number of Shares  Purchased | Purchase Price per  Share | Total Purchase Price * | Transaction Type (P/R)** |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

*Excluding taxes, fees, and commissions
**P=Purchase, R=Receipt (transfer in)

C.      Purchases from November 9, 2016 through February 6, 2017. State the total number of GoPro common stock purchased from after the opening of trading on November 9, 2016 through and including the close of trading on February 6, 2017. (Must be documented.) If none, write "zero" or "0".

|  |  |  |  |  |  |
|--|--|--|--|--|--|

D.      Sales of GoPro common stock during the period September 19, 2016 – February 6, 2017, inclusive (*must be documented*):

| Trade Date (list chronologically) (MMDDYY) | Number of Shares Sold or Delivered | Sale Price per Share | Total Sales Price* | Transaction Type (S/D)** |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

*Excluding taxes, fees, and commissions
**S=Sale, D=Delivery (transfer out)

E.      Number of shares of GoPro common stock held at the close of trading on  February 6, 2017 *(if none, enter "0"; if  other than zero, must be documented)*:

|  |  |  |  |  |  |
|--|--|--|--|--|--|

---

[1] Please note: Information requested with respect to your purchases of GoPro common stock from after the close of trading on November 8, 2016 through and including the close of trading on February 6, 2017 (Section C.) is needed in order to balance your claim; purchases during this period, however, are not eligible under the Settlement and will not be used for purposes of calculating your Recognized Loss pursuant to the Plan of Allocation.

If you require additional space, attach extra schedules in the same format as above. Sign and print your name on each additional page. NOTE THAT CLAIMS CALCULATING TO AN AWARD AMOUNT LESS THAN $10.00 WILL **NOT** BE PAID.

**YOU MUST READ AND SIGN THE RELEASE BELOW. FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**

**PART III:      SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGEMENTS**

I (We) submit this Proof of Claim and Release under the terms of the Stipulation described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the Northern District of California with respect to my (our) claim as a Class Member and for purposes of enforcing the releases set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of any Judgment that may be entered in the Action. I (We) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so. I (We) have not submitted any other claim covering the same purchases or sales of GoPro common stock during the Class Period and know of no other person having done so on my (our) behalf.

**PART IV:      RELEASE**

I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever settle, release, and discharge from the Released Claims each and all of the "Released Defendant Parties," defined as each and all of the Defendants, and each and all of a Defendant's respective present and former parents, subsidiaries, divisions, joint ventures, affiliates, and each of their and Defendants' respective present and former employees, members, partners, principals, agents, officers, directors, controlling shareholders, attorneys, advisors, accountants, auditors, financial or investment advisors or consultants, banks or investment bankers, personal or legal representatives, insurers, co-insurers, reinsurers, related or affiliated entities, predecessors, successors, spouses, estates, heirs, executors, trusts, trustees, administrators, agents, representatives, and assigns, in their capacity as such, any entity in which a Defendant has a controlling interest, any member of an Individual Defendant's immediate family, and any trust in which any Individual Defendant is the settlor or which is for the benefit of any Defendant and/or member(s) of his family.

"Released Claims" means any and all claims and causes of action of every nature and description whatsoever, whether known or unknown, whether arising under federal, state, common or foreign law, and/or whether class or individual in nature, that Lead Plaintiff or any other Member of the Class asserted in the Litigation or could have asserted in any forum that arise out of, are based upon, or relate in any way to (a) the allegations, acts, transactions, facts, events, matters, occurrences, misrepresentations, or omissions involved, set forth, alleged or referred to, in this Litigation, or which could have been alleged in this Litigation, and (b) the purchase, acquisition, sale or disposition of GoPro common stock during the Class Period. "Released Claims" includes "Unknown Claims" as defined below.

"Unknown Claims" means any Released Claims which Lead Plaintiff or Class Members do not know or suspect to exist in his, her, their, or its favor at the time of the release of the Released Defendant Parties, and any Released Defendants' Claims that any Defendant does not know or suspect to exist in his, her or its favor at the time of the release of the Released Plaintiff Parties, which, if known by him, her, them, or it, might have affected his, her, their, or its decision(s) with respect to the Settlement, including the decision to object to the terms of the Settlement or to exclude himself, herself, or itself from the Class.  With respect to any and all Released Claims and Released Defendants' Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Lead Plaintiff and Defendants shall expressly waive, and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights, and benefits of California Civil Code §1542 and any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Lead Plaintiff, other Class Members, or Defendants may hereafter discover facts in addition to or different from those which he, she, they, or it now knows or believes to be true with respect to the subject matter of the Released Claims and the Released Defendants' Claims, but Lead Plaintiff and Defendants shall expressly settle and release and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims and Released Defendants' Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, disclosed or undisclosed, matured or unmatured, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  Lead Plaintiff and Defendants acknowledge, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waivers, and the inclusion of "Unknown Claims" in the definition of Released Claims and Released Defendants' Claims, were separately bargained for and material elements of the Settlement.

This release shall be of no force or effect unless and until the Court approves the Settlement and the Stipulation becomes effective.

I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any rights or claims released pursuant to this release or any other part or portion thereof.

I (We) hereby warrant and represent that I (we) have included information about all of my (our) transactions in GoPro common stock which are the subject of this claim, and which occurred during the Class Period.

I declare under penalty of perjury under the laws of the United States of America that all of the foregoing information supplied on this Proof of Claim and Release by the undersigned is true and correct.

Executed this ☐☐ day of ☐☐ / ☐☐☐☐

                 (Day)          (Month/Year)

 

(Sign your name here)

 

(Type or print your name here)

 

(Capacity of person(s) signing, e.g., beneficial purchaser, executor, or administrator)

## I. GENERAL INSTRUCTIONS

To recover as a Class Member based on your claims in the action entitled *Larkin v. GoPro, Inc., et al.*, No. 4:16-CV-06654-CW (the "Action" or the "Litigation"), you must complete and sign this Proof of Claim and Release form ("Proof of Claim and Release").  If you fail to submit a timely and properly addressed Proof of Claim and Release along with the requested supporting documentation, your claims may be rejected and you may not receive any recovery from the Settlement Fund created in connection with the proposed Settlement.  Submission of this Proof of Claim and Release, however, does not assure that you will share in proceeds of the Settlement of the Litigation.[2]

YOU MUST MAIL YOUR COMPLETED AND SIGNED PROOF OF CLAIM AND RELEASE (OR SUBMIT YOUR CLAIM VIA EMAIL TO INFO@GOPROSECURITIESLITIGATION.COM, OR VIA THE CASE WEBSITE IF YOU ARE A BROKER OR NOMINEE) SUCH THAT YOUR CLAIM IS POSTMARKED (OR RECEIVED IF SENT VIA EMAIL OR UPLOADED TO THE CASE WEBSITE BY A BROKER OR NOMINEE) ON OR BEFORE August 20, 2019, ADDRESSED AS FOLLOWS:

GoPro Securities Litigation
c/o Claims Administrator
P.O. Box 4259
Portland, OR 97208-4259

If you are NOT a Class Member (as defined in the Notice), DO NOT submit a Proof of Claim and Release.  Also, NOTE THAT CLAIMS CALCULATING TO AN AWARD LESS THAN $10.00 WILL **NOT** BE PAID.

If you are a Class Member and you do not timely request exclusion in connection with the proposed Settlement, you will be bound by the terms of any judgment entered in the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM AND RELEASE.

## II. CLAIMANT IDENTIFICATION

If you purchased GoPro Inc. ("GoPro") common stock, you are the beneficial purchaser as well as the record purchaser.  If, however, you purchased GoPro common stock that was registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser and the third party is the record purchaser.

THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OF THE GOPRO COMMON STOCK UPON WHICH THIS CLAIM IS BASED.

All joint purchasers must sign this claim.  Executors, administrators, guardians, conservators, and trustees must complete and sign this Proof of Claim and Release on behalf of persons represented by them, and their authority must accompany this claim and their titles or capacities must be stated. The last four digits of the Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

## III. CLAIM FORM

Use Part II of the form entitled "Schedule of Transactions in GoPro Common Stock" to supply all required details of your transaction(s) in GoPro common stock.  If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

On the schedules, provide all of the requested information with respect to ***all*** of your purchases of GoPro common stock which took place at any time from September 19, 2016 to February 6, 2017 both dates inclusive, and all of your sales or other dispositions of GoPro common stock which took place at any time from September 19, 2016, to February 6, 2017, both dates inclusive.

Where indicated on the schedules, list each transaction separately and in chronological order, by trade date, beginning with the earliest. You must accurately provide the month, day, and year of each transaction you list.

---

[2] Capitalized terms not defined in this Proof of Claim and Release have the meaning set forth in the Notice of Pendency and Proposed Settlement of Class Action ("Notice") that accompanies this Proof of Claim and Release and the Stipulation of Settlement, dated as of February 14, 2019 (the "Stipulation").

**Copies of broker confirmations or other documentation of your transactions in GoPro common stock should be attached to your claim.** Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

NOTICE REGARDING ELECTRONIC FILES: If you are a broker or nominee and elect to file claims electronically on behalf of multiple clients, please visit the "Nominees" section of the case website at www.GoProSecuritiesLitigation.com for additional information on how to upload your master Proof of Claim and Release form and completed spreadsheet.

If you are not a broker or nominee, but have large numbers of transactions, you may request, or may be requested to, submit information regarding your transactions in electronic files.  If you wish to submit your transaction data electronically, you must contact the Claims Administrator at 1-888-595-6496 or visit their website at www.GoProSecuritiesLitigation.com to obtain the required file layout.  You must still timely submit a signed Proof of Claim and Release form by mail or through email as specified below.

No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgement of receipt and acceptance of electronically submitted data. All claimants MUST timely submit a signed Proof of Claim and Release to be potentially eligible for a payment from this settlement.

**REMINDER CHECKLIST:**

1. Please sign the above release.

2. Remember to attach only **copies** of acceptable supporting documentation.

3. Keep a copy of your Proof of Claim and Release and all supporting documentation for your records.

4. If you desire an acknowledgement of receipt of your Proof of Claim and Release, please send it Certified  Mail, Return Receipt Requested. **You will bear all risks of delay or non-delivery of your claim.**

ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT
AMOUNT OF TIME. THANK YOU FOR YOUR PATIENCE.

THE  PROOF  OF  CLAIM  AND  RELEASE  MUST  BE  **POSTMARKED (OR RECEIVED IF SENT VIA EMAIL TO INFO@GOPROSECURITIESLITIGATION.COM OR UPLOADED TO THE CASE WEBSITE BY A BROKER OR NOMINEE) ON  OR  BEFORE August 20, 2019 ,** ADDRESSED TO THE CLAIMS ADMINISTRATOR AS FOLLOWS:

GoPro Securities Litigation
c/o Claims Administrator
P.O. Box 4259
Portland, OR 97208-4259

TO:    ALL PERSONS AND ENTITIES WHO PURCHASED THE COMMON STOCK OF
       GOPRO, INC. ("GOPRO") (NASDAQ: GPRO) BETWEEN SEPTEMBER 19, 2016
       AND NOVEMBER 8, 2016, INCLUSIVE ("CLASS").

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District

Court for the Northern District of California, that a hearing will be held on September 10,

2019 at 2:30 p.m., before the Honorable Claudia Wilken, at the Ronald V. Dellums

Federal Building & United States Courthouse, 1301 Clay Street, Courtroom 6—2nd Floor,

Oakland, CA 94612, for the purpose of determining: (1) whether the proposed settlement as set

forth in the Stipulation of Settlement dated February 14, 2019 ("Stipulation") of the above-

captioned action ("Litigation") for the principal amount of $6,750,000 for the Class should be

approved by the Court as fair, just, reasonable, and adequate; (2) whether a Final Judgment

should be entered by the Court dismissing the Litigation with prejudice; (3) whether the Plan of

Allocation is fair, reasonable, and adequate and should be approved; and (4) whether the

application of Lead Counsel for the payment of attorneys' fees in the amount of 25% of the

Settlement Fund, and an award to the Lead Plaintiff not to exceed $10,000, and expenses not to

exceed $250,000 should be approved.

IF YOU PURCHASED GOPRO COMMON STOCK BETWEEN SEPTEMBER 19,

2016 AND NOVEMBER 8, 2016, INCLUSIVE, YOUR RIGHTS MAY BE AFFECTED BY

THE SETTLEMENT OF THIS LITIGATION.  You may obtain copies of a detailed Notice of

Pendency and Settlement of Class Action ("Notice") and Proof of Claim and Release form

("Proof of Claim and Release") by writing to GoPro Securities Litigation, c/o Claims

Administrator, P.O. Box. 4259, Portland, OR 97208-4259, visiting the website

www.GoProSecuritiesLitigation.com, e-mailing the Claims Administrator at

questions@GoProSecuritiesLitigation.com, or calling the Claims Administrator toll free at 1-

888-595-6496.  Inquiries other than requests for the above-referenced documents may also be made to Plaintiff's Lead Counsel:

> Richard W. Gonnello
> FARUQI & FARUQI, LLP
> 685 Third Avenue
> 26th Floor
> New York, NY 10017

If you are a Class Member, in order to share in the distribution of the Settlement Fund, you must submit a Proof of Claim and Release postmarked or submitted electronically no later than August 20, 2019, establishing that you are entitled to recovery.  NOTE THAT NO CLAIMS LESS THAN $10.00 WILL BE PROCESSED OR PAID.  Your failure to timely submit your Proof of Claim and Release will subject your claim to possible rejection and may preclude you from receiving any of the recovery in connection with the settlement of this Litigation.

To exclude yourself from the Class, you must submit a written request for exclusion in accordance with the instructions set forth in the Notice such that it is received no later than August 20, 2019.  All Members of the Class who have not requested exclusion from the Class will be bound by the settlement entered in the Litigation even if they do not submit a timely Proof of Claim and Release.

Any objection to the settlement, the Plan of Allocation of settlement proceeds, or the fee and expense application must be submitted to the Court either by mailing them to the Class Action Clerk, United States District Court for the Northern District of California, Ronald V. Dellums Federal Building & United States Courthouse, 1301 Clay Street, Oakland, CA 94612, or by filing them in person at any location of the United States District Court for the Northern District of California.  Your objection must be received on or before August 20, 2019.

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE**

**REGARDING THIS NOTICE, THIS SETTLEMENT, OR THIS CLAIMS PROCESS.**   If

you have any questions about the Settlement, you may contact Lead Counsel at the address listed

above.

DATED: _____, 2019                  BY ORDER OF THE COURT