IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROY LARKIN,<br><br>            Plaintiff,<br><br>      v.<br><br>GOPRO, INC., NICHOLAS D. WOODMAN, BRIAN MCGEE, and ANTHONY BATES,<br><br>            Defendants. | Case No. 16-cv-06654 CW<br><br>ORDER GRANTING FINAL APPROVAL TO SETTLEMENT; GRANTING MOTION FOR ATTORNEYS' FEES, COSTS, AND AWARD TO LEAD PLAINTIFF; DENYING MOTION TO SEAL<br><br>(Dkt. Nos. 126, 127, 132) |

This matter came before the Court pursuant to the Order Preliminarily Approving Settlement and Providing for Notice (Preliminary Approval Order), dated April 26, 2019, Docket No. 124, on the application of the parties for approval of the settlement set forth in the Stipulation of Settlement, dated February 14, 2019, Docket No. 115.  A final fairness hearing was held on September 10, 2019.  Due and adequate notice having been given to the Settlement Class as required in said Preliminary Approval Order, and the Court having considered all papers filed and proceedings had herein, and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

   1.   This Judgment incorporates by reference the definitions in the Stipulation of Settlement, and all terms used herein shall

have the same meanings as set forth in the Stipulation of Settlement, unless otherwise set forth herein.

2. This Court has jurisdiction over the subject matter of this action and over all parties to this action, including all members of the Settlement Class.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby affirms its determinations in the Preliminary Approval Order and finally certifies for purposes of settlement only a Settlement Class defined as all persons and entities who purchased GoPro, Inc. (GoPro) common stock between September 19, 2016, and November 8, 2016, inclusive, and were damaged thereby.  Excluded from the Settlement Class are (i) the Defendants; (ii) members of the immediate families of any Individual Defendant; (iii) any firm, trust, partnership, corporation or entity in which a Defendant or an immediate family member of any Individual Defendant has a controlling interest; (iv) the directors and officers of GoPro at all relevant times; and (v) the legal representatives, heirs, successors-in-interest or assigns of such excluded persons.  Also excluded from the Settlement Class is the person who timely and validly requested exclusion from the Settlement Class, namely "Exclusion Request – 2," Docket No. 134, Ex. A.[1]

---

[1] At the final fairness hearing, the Court concluded, and parties agreed, that out of the five opt-out requests that were received before the hearing, only "Exclusion Request – 2" came close to providing the information that a person seeking to be excluded from the settlement was required to submit in his or her opt-out request pursuant to the Preliminary Approval Order. See Preliminary Approval Order ¶ 18.  Accordingly, only "Exclusion Request – 2" is deemed to be a person who timely and validly requested exclusion from the Settlement Class.

1    4.    Pursuant to Rule 23 of the Federal Rules of Civil
2 Procedure, and for purposes of settlement only, the Court hereby
3 affirms its determinations in the Preliminary Approval Order and
4 finally appoints Lead Plaintiff Troy Larkin as Class
5 Representative for the Settlement Class, and Faruqi & Faruqi,
6 LLP, as Class Counsel for the Settlement Class.  The Court also
7 finally appoints Epiq Class Action & Claims Solutions, Inc., as
8 Claims Administrator, and Huntington National Bank as the Escrow
9 Agent.
10    5.    The Court finds, for the purposes of settlement only,
11 that the prerequisites for a class action under Rules 23(a) and
12 (b)(3) of the Federal Rules of Civil Procedure have been
13 satisfied in that: (a) the number of Settlement Class Members is
14 so numerous that joinder of all members is impracticable; (b)
15 there are questions of law and fact common to the Settlement
16 Class; (c) the claims of Lead Plaintiff are typical of the claims
17 of the Settlement Class he seeks to represent; (d) Lead Plaintiff
18 and Class Counsel have and will fairly and adequately represent
19 the interests of the Settlement Class; (e) the questions of law
20 and fact common to the members of the Settlement Class
21 predominate over any questions affecting only individual
22 Settlement Class members; and (f) a class action is superior to
23 other available methods for the fair and efficient adjudication
24 of the controversy.
25    6.    The Court finds that the mailing and publication of the
26 Notice, Proof of Claim and Release, and Summary Notice (Docket
27 No. 124, Ex. A-1, A-2, and A-3) complied with the terms of the
28 Stipulation of Settlement and the Preliminary Approval Order, and

1 provided the best notice practicable under the circumstances to
2 all persons entitled to such notice, and said notice fully
3 satisfied the requirements of Federal Rule of Civil Procedure 23,
4 the Private Securities Litigation Reform Act of 1995 (PSLRA), and
5 the requirements of due process.
6     7.   Dinesh K. Goel filed an objection to the settlement on
7 August 26, 2019.  See Docket No. 130.  Goel objects to the
8 temporal scope of the class definition, arguing that it should
9 begin on October 7, 2014, instead of September 19, 2016, on the
10 ground that GoPro "shares had a major debacle/damage on investors
11 during the earlier period."  Id. at 1.  This objection is
12 untimely, because it was received after August 20, 2019, which
13 was the deadline for objecting to the settlement.  See
14 Preliminary Approval Order ¶ 20 ("Such objections, papers, and
15 briefs must be received or filed, not simply postmarked, on or
16 before August 20, 2019.  Any Member of the Class who does not
17 make his, her or its objection in the manner and time provided
18 shall be deemed to have waived such objection[.]").
19 Additionally, Goel's argument that the temporal scope of the
20 class definition should be expanded is meritless because he does
21 not explain how any losses he or other shareholders could have
22 incurred on dates that pre-date the start of the class period
23 have any connection to the conduct at issue in this case, which
24 took place starting on September 19, 2016.  Accordingly, this
25 objection is overruled.
26     8.   In light of the benefits to the Settlement Class, the
27 complexity, expense, and possible duration of further litigation
28 against Defendants, the risks of establishing liability and

damages, and the costs of continued litigation, pursuant to Federal Rule of Civil Procedure 23, the Court hereby approves the settlement set forth in the Stipulation of Settlement and finds that:

    a.   Said Stipulation of Settlement and the settlement contained therein, are, in all respects, fair, reasonable, and adequate and in the best interest of the Settlement Class;

    b.   There was no collusion in connection with the Stipulation of Settlement;

    c.   The Stipulation of Settlement was the product of informed, arm's-length negotiations among competent, able counsel; and

    d.   The record is sufficiently developed and complete to have enabled Lead Plaintiff and Defendants to have adequately evaluated and considered their positions.

9.   Accordingly, the Court authorizes and directs implementation and performance of all the terms and provisions of the Stipulation of Settlement, as well as the terms and provisions hereof. Except as to any individual claim of that person who has validly and timely requested exclusion from the Settlement Class, namely "Exclusion Request – 2," Docket No. 134, Ex. A, the Court hereby dismisses this action and all Released Claims of the Settlement Class, with prejudice. The Settling Parties are to bear their own costs, except as, and to the extent provided in, the Stipulation of Settlement and herein.

10.   Upon the Effective Date, and as provided in the Stipulation of Settlement, Lead Plaintiff shall, and each of the Settlement Class Members shall be deemed to have, and by

operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged any and all Released Claims (including Unknown Claims) against the Released Defendant Parties, whether or not such Settlement Class Member executes and delivers the Proof of Claim and Release form or shares in the Settlement Fund.  Claims to enforce the terms of the Stipulation of Settlement are not hereby released.

11.   Lead Plaintiff and all Settlement Class Members are hereby forever barred from prosecuting any of the Released Claims against any of the Released Defendant Parties.

12.   Upon the Effective Date, and as provided in the Stipulation of Settlement, each of the Released Defendant Parties shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged Lead Plaintiff, each and all of the Settlement Class Members, and Lead Plaintiff's counsel from all Released Claims in accordance with Paragraph 1.24 of the Stipulation of Settlement, Docket No. 115, namely "any and all claims and causes of action of every nature and description whatsoever, whether known or unknown, whether arising under federal, state, common or foreign law, and/or whether class or individual in nature, that Lead Plaintiff or any other Member of the Class asserted in the Litigation or could have asserted in any forum that arise out of, are based upon, or relate in any way to (a) the allegations, acts, transactions, facts, events, matters, occurrences, misrepresentations or omissions involved, set forth, alleged or referred to, in this Litigation, or which could have been alleged in this Litigation, and (b) the purchase, acquisition, sale or

1 disposition of GoPro common stock during the Class Period.
2 'Released Claims' includes 'Unknown Claims' as defined in ¶ 1.34
3 [of the Stipulation of Settlement]. 'Released Claims' does not,
4 however, include claims to enforce the Settlement."

5     13.  Each member of the Settlement Class, whether or not
6 such member of the Settlement Class executes and delivers a Proof
7 of Claim and Release, is bound by this Judgment, including,
8 without limitation, the release of claims as set forth in the
9 Stipulation of Settlement.

10     14.  "Exclusion Request – 2," Docket No. 134, Ex. A., is
11 excluded from the Settlement Class, is not bound by this
12 Judgment, and may not make any claim with respect to or receive
13 any benefit from the settlement.

14     15.  Neither the Stipulation of Settlement nor the
15 settlement contained therein, nor any act performed or document
16 executed pursuant to or in furtherance of the Stipulation of
17 Settlement or the settlement: (a) is or may be deemed to be or
18 may be used as an admission of, or evidence of, the validity of
19 any Released Claim, or of any wrongdoing or liability of the
20 Defendants or any other Released Defendant Parties, or (b) is or
21 may be deemed to be or may be used as an admission of, or
22 evidence of, any fault or omission of any of the Defendants or
23 any other Released Defendant Parties in any civil, criminal, or
24 administrative proceeding in any court, administrative agency, or
25 other tribunal.  Defendants or any other Released Defendant
26 Parties may file the Stipulation of Settlement or this Judgment
27 from this action in any other action that may be brought against
28 them in order to support a defense or counterclaim based on

United States District Court
Northern District of California

principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

16. The Court hereby finds that the proposed Plan of Allocation is a fair and reasonable method to allocate the Settlement Fund among Settlement Class Members, and Lead Plaintiff and the Claims Administrator are directed to administer the Plan of Allocation in accordance with its terms and the terms of the Stipulation of Settlement.

17. Class Counsel is awarded attorneys' fees in the amount of $1,687,500 plus accrued interest and expenses in the amount of $192,429.10, such amounts to be paid out of the Settlement Fund ten (10) business days following entry of this Order. The Court finds that the requested fees, which represent 25% of the Settlement Fund, are reasonable in light of the highly favorable results obtained on behalf of the Settlement Class and given that a lodestar check reveals that the requested fees represent a multiplier of approximately 1.06. The Court also finds that the requested costs also are reasonable, because incurring them appears to have been necessary to prosecute this action. In the event that this Judgment does not become Final, and any portion of the fee and expense award has already been paid from the Settlement Fund, Class Counsel shall within ten (10) business days of (1) entry of the order rendering the settlement and Judgment non-Final, or (2) notice of the settlement being terminated, or (3) an event that precludes the Effective Date

from occurring, refund to the Settlement Fund the fee and expense award paid to Class Counsel.

18. Lead Plaintiff is awarded in total $10,000, as an award for reasonable costs and expenses directly relating to the representation of the Settlement Class as provided in 15 U.S.C. § 78u-4(a)(4), such amounts to be paid from the Settlement Fund upon the Effective Date of the Settlement.

19. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; and (c) all parties herein for the purpose of construing, enforcing, and administering the Stipulation.

20. The Court finds, pursuant to 15 U.S.C. § 78u-4(c)(1), that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

21. In the event that the settlement does not become effective in accordance with the terms of the Stipulation of Settlement, or the Effective Date does not occur, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation of Settlement and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation of Settlement.

22. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation of Settlement.

23. The provisions of this Judgment constitute a full and complete adjudication of the matters considered and adjudged herein, and the Court directs immediate entry of this Judgment by the Clerk of the Court.

24. Within seven days of the date this Order is issued, the parties shall file in ECF a publicly accessible version of the Supplemental Agreement, which was provisionally filed under seal as Docket Number 132-3. The motion to maintain that agreement under seal, Docket No. 132, is DENIED.

IT IS SO ORDERED.

Dated: September 20, 2019

CLAUDIA WILKEN
United States District Judge